**Micah L. SHAFFER and Jayme D. Shaffer, h/w, Appellants**

v.

**John M. O'TOOLE and Kathleen O'Toole, h/w, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 28, 2008.

Filed Jan. 15, 2009.

Joel M. Wiest, Sunbury, for appellants.

Jeffrey C. Apfelbaum, Sunbury, for appellees.

BEFORE: ORIE MELVIN, BENDER and FITZGERALD *, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellants, Micah L. Shaffer and his wife, Jayme D. Shaffer, appeal from the judgment entered establishing title to the disputed one acre tract of land in Appellees, John M. O'Toole and his wife, Kathleen O'Toole, based upon their claim of adverse possession. After review, we affirm.

¶ 2 The facts as found by the trial court and summarized in its opinion are as follows:

The [Appellees] purchased "twenty four acres of land, more or less, upon which is erected a dwelling house and other outbuildings" from Helen M. Shaffer on November 17, 1973. The house referred to in the deed was built in the 1930's and had a driveway connecting to the township road. The driveway has been open and maintained by Helen Shaffer and now [Appellees] continuously to the present.

At the time [Appellees] purchased this property, [Mr. O'Toole] was told by Helen Shaffer and understood that he owned his side yard to the ridge line of the neighbor's field. From 1973 to present, [Appellees] mowed their [side]yard, constructed gold fish ponds, water pumps to fill their swimming pool, and developed walking trails. The [Appellees] never fenced any of their land.

[Appellants] own real property consisting of a farm containing approxi-

* Former Justice specially assigned to the Superior Court.

mately fifty-seven acres located in Lower Augusta Township, Northumberland County contiguous to [Appellees'] land. The parties share a common boundary on the Western side of [Appellants'] property (the Eastern side of [Appellees'] property).

In approximately April of 2000, [Appellees] hired a surveyor and pointed out the now existing fence to the surveyor as the expected boundary line. The surveyor map and pins set in the ground surprised the [parties]. The surveyor suggested negotiating a settlement with the neighbor. As a result, [Mr. O'Toole], through his surveyor approached Micah Shaffer and his father, Ray Shaffer, and offered to settle the matter by paying approximately $2,000.00 to them instead of spending money on attorneys. [Appellants] refused and made an offer to trade portions of each others property. [Appellees] refused [the trade offer].

Trial Court Opinion, filed 3/24/08, at 2; Certified Record (C.R.) at 20.

¶ 3 On May 31, 2006, Appellants filed a complaint seeking to eject Appellees and alleging damages for trespass. Appellees denied said allegations and filed a counterclaim seeking to quiet title alleging ownership of the land in dispute on the basis of adverse possession. After a bench trial during which the trial court viewed the premises, heard testimony, and considered the independent evidence of survey maps, photographs, invoices, and paid receipts, the trial court granted the Appellees' counterclaim to quiet title and denied Appellants' claims for ejectment and monetary damages. This appeal followed the denial of post-trial motions and the subsequent entry of judgment in favor of Appellees.

¶ 4 Appellants present three questions for our consideration:

1. Did the Trial Court abuse its discretion or legally err in finding that Appellees' claim for quiet title through adverse possession was not precluded given the facts of the instant matter?

2. Did the Trial Court abuse its discretion or legally err in failing to enter an Order of Court ejecting the Appellees from the real property in question?

3. Did the Trial Court abuse its discretion or make an error of law in finding that the Appellants were not due monetary damages from the Appellees?

Appellants' brief, at 4.[1]

¶ 5 Our review in a non-jury case such as this is

limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

*Hart v. Arnold*, 2005 PA Super 328, 884 A.2d 316, 330–331 (Pa.Super.2005), *appeal denied*, 587 Pa. 695, 897 A.2d 458 (2006) (citations omitted). "The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discre-

1. Appellants and the trial court have complied with Pa.R.A.P. 1925.

tion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence." *Id.* (citations omitted). "Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the lower court." *Tagliati v. Nationwide Insurance Co.,* 720 A.2d 1051, 1053 (Pa.Super.1998), *appeal denied,* 559 Pa. 706, 740 A.2d 234 (1999). "With regard to such matters, our scope of review is plenary as it is with any review of questions of law." *Id.*

*Christian v. Yanoviak,* 945 A.2d 220, 224–225 (Pa.Super.2008).

■ ¶ 6 "One who claims title by adverse possession must prove actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years. Each of these elements must exist; otherwise, the possession will not confer title." *Rec. Land Corp. v. Hartzfeld,* 947 A.2d 771, 774 (Pa.Super.2008) (quoting *Flannery v. Stump,* 786 A.2d 255, 258 (Pa.Super.2001) (internal citations omitted), *appeal denied,* 569 Pa. 693, 803 A.2d 735 (2002)).

■ ¶ 7 The facts referred to in Appellants' first issue that allegedly preclude a finding of adverse possession concern an alleged offer to purchase the land in dispute made by Mr. O'Toole in April of 2000 shortly after the survey took place. Appellants contend that the offer to purchase the land broke the continuity of the hostility element for adverse possession and rely on this Court's decision in *Pistner Brothers, Inc. v. Agheli,* 359 Pa.Super. 177, 518 A.2d 838 (1986), to support their position.

¶ 8 In *Pistner Brothers,* the defendants, Ali and Rebecca Agheli, sought title to a strip of land by adverse possession. The disputed land was originally part of the Henry Ruehl Subdivision and was identi-fied in the recorded plan as Anne Street. In 1956, John Green, a predecessor in title to the Aghelis, purchased the lot immediately south of Anne Street, which remained an unimproved roadway, and used Anne Street as an access to his lot and a parking area for his car. Between 1956 and 1967, Mr. Green made improvements to the bed of Anne Street including planting grass and placing cinders and bricks on the surface to create a driveway. In 1967, he offered to purchase this parcel from the Henry Ruehl Estate, who instead sold it to Pistner Brothers, Inc. and Henrietta Buerk. In July 1980, Mr. Green filed a notice of adverse claim to the strip. His tenants used the bed of Anne Street in a similar manner until 1983, when the house and his claim to the street were sold to the Aghelis. In 1984, Pistner Brothers and Buerk sought to install a sewer line in this parcel, and the Aghelis objected, claiming ownership of the property. Pistner Brothers and Buerk subsequently filed suit to determine title, and the trial court determined that the Aghelis had established adverse possession to that portion of Anne Street which Mr. Green had improved and maintained.

¶ 9 On appeal, this Court reversed. We concluded that since the dedicated street was not accepted for public use within the statutory period the parcel could have been subject to a claim of adverse possession. However, Mr. Green's conduct in seeking a deed to the disputed parcel from the record owner prior to the running of the statute of limitations on adverse possession served to toll the adverse possession period, thereby defeating the adverse possession claim. *Id.* at 841.

¶ 10 Similarly, in *Myers v. Beam,* 551 Pa. 670, 713 A.2d 61 (1998), the Myers sought to quiet title to a strip of land adjoining their property. The Myers had exercised open, continuous, exclusive, ad-

verse and notorious control there over for a period in excess of fourteen years when Mr. Myers approached the record owner and requested a quitclaim deed to the property. When this request was denied, and, after remaining in control of the strip of land for at least another seven years, the Myers filed a complaint in quiet title seeking title thereto by adverse possession. The trial court ruled in favor of the Myers. On appeal this Court reversed, finding that the Myers' attempt to acquire title by seeking a quitclaim deed before the expiration of the statute of limitations for adverse possession defeated their claim. On further appeal, the Pennsylvania Supreme Court affirmed, finding that this Court correctly determined that the Myers' request for a quitclaim deed, prior to expiration of the statute of limitations for adverse possession, destroyed the element of continuous hostility because it constituted recognition of the superiority of the record owner's title. *Id.* at 673, 713 A.2d at 62.

¶ 11 In this case, unlike *Pistner Brothers* and *Beam,* even if the trial court would have found that Appellees made an offer to purchase, said offer clearly took place after the expiration of the requisite twenty-one years. Therefore, such offer could not defeat the title that had already been acquired through Appellees' adverse possession. Consequently, we agree with the trial court that Appellees' failed attempt to come to an agreement with Appellants to formalize Appellees' ownership of the disputed parcel in April of 2000 does not defeat any of the elements of their claim of adverse possession because the requisite 21–year period had terminated long before 2000. *See* Trial Court Opinion, filed 3/24/08, at 3 (stating "[Appellants'] settlement offer to purchase was conveyed to [Appellants] after adverse and hostile usage had occurred for a period well in excess of twenty-one years and was never

any disclaimer of a claim of ownership."). Appellants' citation to cases in which the offer to purchase was made within the 21–year period is, therefore, inapposite.

¶ 12 Alternatively, Appellants argue that the trial court erred in finding adverse possession of the entire one acre tract as the evidence does not support use of the entire tract. In support of this claim, Appellants rely on cases involving unenclosed woodlands.

> The requirements for actual possession of a property will necessarily vary based on the nature of the property. Our case law has developed a rather strict standard for proving adverse possession of woodland. A person establishes actual possession of a woodland by residence or cultivation of a part of the tract of land to which the woodland belongs.

> The issue of whether a parcel of land is woodland appears to be a threshold factual question for the trial court to decide in the first instance.

*Hartzfeld,* 947 A.2d at 774 (internal quotation marks and citations omitted).

¶ 13 We agree with Appellees' contention that this is not a dispute over unenclosed woodland. Rather, the disputed land was described as the side yard, and it consists of only one acre that runs between adjoining landowners. The trial court was well aware of the boundaries of the land claimed to have been acquired by Appellees by adverse possession and made no factual determination that this was an unenclosed woodlands case. This is not a case of vast forested land where actual possession of the whole is called into question. Consequently, we find Appellants' reliance on cases dealing with woodlands to be unavailing. We find that the record evidence supports the trial court's conclusion that Appellees' activities on the dis-

puted tract for more than 21 years established their title by adverse possession of the entire tract.

¶ 14 Appellants' second and third issues challenge the trial court's failure to find in their favor on their actions in ejectment and for trespass. However, in light of our conclusion that the trial court did not err in finding in Appellees' favor on the basis of their having established their ownership in fee to the disputed tract of land by virtue of adverse possession, we need not address these issues.

¶ 15 For the foregoing reasons and based upon our standard of review, we hold that the trial court did not commit an error of law or an abuse of discretion in reaching a verdict in favor of Appellees on the basis of adverse possession. Accordingly, we affirm the judgment.

¶ 16 Judgment affirmed.