Kenneth Lawson Joel, PA. Office of the Attorney General, Harrisburg, for William H. Ryan, Jr.

Karl Stewart Myers, Stradley, Ronon, Stevens & Young, L.L.P., Philadelphia, for Samuel H. Smith.

### ORDER

PER CURIAM.

**AND NOW,** this 16th day of October, 2012, the order of the Commonwealth Court is hereby **AFFIRMED.**

**George ZUK and Carol Zuk, Appellants**

**v.**

**Joseph ZUK and Betty Zuk, Appellees.**

Superior Court of Pennsylvania.

Argued May 1, 2012.

Filed Sept. 5, 2012.

John T. Zelinka, Wilkes Barre, for appellants.

Michael J. Ganathy, Hallstead, for Joseph Zuk, appellee.

BEFORE: GANTMAN, J., LAZARUS, J., and MUNDY, J.

OPINION BY GANTMAN, J.:

Appellants, George and Carol Zuk, appeal from the order entered in the Susquehanna County Court of Common Pleas,[1] directing Appellants to convey certain real property to Appellees, Joseph and Betty Zuk.[2] We affirm.

The relevant facts and procedural history of this case are as follows. The real property at issue originally consisted of approximately ninety-seven and one-eighth acres of land located in Clifford Township.

---

1. The July 25, 2011 order became final upon denial of Appellant's post-trial motions on October 4, 2011.

2. George and Joseph Zuk are brothers.

At that time, Appellants, Appellees, and Michael and Susan Zuk,[3] owned the property as tenants in common. Appellants held a ten-twelfths interest in the property; Appellees held a one-twelfth interest, and Michael and Susan Zuk held a one-twelfth interest. In 1995, Appellants and Appellees conveyed approximately thirteen acres of the original property to Michael and Susan Zuk, in exchange for their interest in the land.

As a result of the transfer, the remaining property consisted of approximately eighty-four and one-eighth acres of land. Appellants held a seven-eighths interest and Appellees held a one-eighth interest in the remaining property. Sometime in 2000, George and Joseph Zuk discussed how to divide the remaining eighty-four and one-eighth acre parcel between them. They agreed that Appellees should retain a thirteen-acre parcel "free and clear" in exchange for their interest in the property, consistent with the thirteen acres Appellants and Appellees had previously conveyed to Michael and Susan Zuk. George and Joseph Zuk then negotiated for the sale of an additional seventeen acres to Appellees for the purchase price of $1,600.00 per acre. George and Joseph Zuk stood on the subject property and together pointed out the boundaries for the total thirty (30) acres[4] Appellees would receive (thirteen acres "free and clear" plus seventeen acres at $1,600.00 per acre).

Despite the negotiations and oral agreement, George and Joseph Zuk did not reduce their agreement to a formal writing. Nevertheless, on October 6, 2004, Joseph Zuk tendered a check for ten thousand dollars to Appellants. The check was marked: "for down payment on land."

Shortly thereafter, Appellants endorsed the check, marking it: "deposit only." Following the discussions, Joseph Zuk, at his sole expense, also improved a road on the thirty-acre parcel by installing a sub base for a running length of about one thousand feet. Additionally, at his own expense and labor, Joseph Zuk began construction of a tool shed and a 25' × 32' cabin on the thirty-acre parcel. On October 9, 2007, Appellant Carol Zuk sent a memo to Joseph Zuk explaining that Appellees owned 19.25 acres of the property, and owed Appellants $17,200.00 for a remaining 10.75 acres (totaling 30 acres).

On August 28, 2008, Appellants filed a complaint seeking, *inter alia,* partition of the entire eighty-four and one-eighth acre property. Appellants' complaint did not mention the agreement between the parties concerning the thirty-acre parcel. Appellees filed an answer, new matter, and counterclaim on December 10, 2008. In their counterclaim, Appellees alleged the parties had a contract for the sale of land and sought specific performance and asked the court to direct Appellants to convey to Appellees the thirty-acre parcel for the remaining balance of $17,200.00.

On July 11, 2011, the court held a bench trial solely on the issue of specific performance alleged in Appellees' counterclaim. On July 25, 2011, the court entered an order directing Appellants to convey to Appellees the full thirty-acre parcel, upon payment of the $17,200.00 balance and the furnishing of a legal description of the property by Appellees. Appellants timely filed a motion for post-trial relief on August 3, 2011. Following arguments on the motion, the court denied relief on October 4, 2011. Appellants timely filed a notice of

---

**3.** Michael Zuk is also the brother of George and Joseph Zuk.

**4.** Throughout the relevant proceedings, the parties consistently refer to the parcel in dispute as the "thirty-acre" parcel.

appeal on October 20, 2011. The court did not order Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellants filed none.

Appellants raise the following issues for our review:

WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW BY GRANTING SPECIFIC PERFORMANCE TO [APPELLEES], WHERE:

(1) THE STATUTE OF FRAUDS BARS [APPELLEES'] COUNTERCLAIM FOR SPECIFIC PERFORMANCE FOR THE SALE OF LAND;

(2) THERE WAS NO "MEETING OF THE MINDS"; AND

(3) THE DEFENSE EXHIBITS 2 AND 3 WERE ADMITTED AND RELIED UPON IN ERROR BECAUSE THEY CONSTITUTED INADMISSIBLE HEARSAY AND WERE NOT AUTHENTICATED?

(Appellants' Brief at 3).

 The relevant standard and scope of review are as follows:

[We are] limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

*Hart v. Arnold* [884 A.2d 316, 330–31] (Pa.Super.2005), *appeal denied*, 587 Pa. 695, 897 A.2d 458 (2006). The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence. Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the [trial] court. With regard to such matters, our scope of review is plenary as it is with any review of questions of law.

*Shaffer v. O'Toole*, 964 A.2d 420, 422–23 (Pa.Super.2009), *appeal denied*, 602 Pa. 679, 981 A.2d 220 (2009) (quoting *Christian v. Yanoviak*, 945 A.2d 220, 224–25 (Pa.Super.2008)) (some internal citations and quotation marks omitted).

For purposes of disposition, we combine Appellants' first and second arguments. Appellants claim there was no contract for the sale of land in this case or evidence of an "adequate description of the property" to satisfy the Statute of Frauds. Appellants argue the memo Carol Zuk sent to Joseph Zuk did not detail a "metes and bounds" description of the property. Appellants maintain Carol Zuk's memo did not contain Appellants' signatures. Absent an adequate description of the property and Appellants' signatures, Appellants contend the memo lacked the "essential terms" of a contract for sale of land. Appellants aver the court's order, which required Appellees to "furnish a legal description" of the property, further supports Appellants' position

that the parties had failed to determine the boundaries of the thirty-acre parcel.

Alternatively, Appellants emphasize Joseph Zuk's $10,000.00 payment to Appellants was not the full amount of the alleged purchase price. Appellants insist Appellees made no improvements on the property until several years after the alleged contract formation. To the extent Appellees made improvements on the land, Appellants contend Appellees made such improvements on only the thirteen-acre parcel that Appellees were supposed to get "free and clear" in exchange for their interest in the property. Appellants submit Appellees made just relatively minor improvements on the land. Appellants admit Joseph Zuk lived on the property for a short time because he had nowhere else to live, but his occupation of the property was not in furtherance of the alleged contract. Appellants suggest the court erred by directing specific performance because Appellees' counterclaim does not compel equitable relief, where Appellants could simply return Joseph Zuk's $10,000.00 payment. Appellants maintain there was no "meeting of the minds" in this case because Appellants did not know exactly what they intended to sell and Appellees did not know exactly what they intended to buy. Appellants declare Appellees failed to establish the "part performance" exception to the Statute of Frauds. Appellants conclude the Statute of Frauds barred Appellees' counterclaim, Appellees failed to satisfy the exception to the Statute of Frauds, and this Court must reverse the order directing specific performance. We disagree.

 "The Statute of Frauds instructs that a purported transfer of an ownership interest in real property is not enforceable unless evidenced in writing and signed by the [party] granting the interest." *Trowbridge v. McCaigue*, 992 A.2d 199, 201 (Pa.Super.2010). "A writing required by the Statute of Frauds need only include an adequate description of the property, a recital of the consideration and the signature of the party to be charged [with performing]." *Id.* A description of the property will satisfy the Statute of Frauds where it describes a particular piece or tract of land that can be identified, located, or found. *Phillips v. Swank*, 120 Pa. 76, 13 A. 712 (1888). "A detailed description is not necessary, where the description shows that a particular tract is **within the minds of the contracting parties,** and intended to be conveyed." *Id.* at 86, 13 A. at 715 (emphasis added). Regarding the signature element, "there is no requirement in the Statute [of Frauds] or the decisional law that a signature be in any **particular** form. Instead, the focus has been on whether there is some reliable indication that the person to be charged with performing under the writing intended to authenticate it." *Hessenthaler v. Farzin*, 388 Pa.Super. 37, 564 A.2d 990, 993 (1989) (emphasis in original) (holding mailgram which appellants sent to appellees confirming sale of real estate constituted "signed writing" for purposes of Statute of Frauds where appellants identified themselves in mailgram, declared their acceptance, and identified property and consideration involved). Importantly:

The purpose of the Statute [of Frauds] is to prevent the possibility of enforcing unfounded, fraudulent claims by requiring that contracts pertaining to interests in real estate be supported by written evidence signed by the party creating the interest. Pennsylvania courts have emphasized that the Statute is **not** designed to prevent the performance or enforcement of oral contracts that in fact **were** made. Therefore[:]

[W]e should always be satisfied with some note or memorandum that is adequate ... to convince the court

that there is no serious possibility of consummating fraud by enforcement. When the mind of the court has reached such a conviction as that, it neither promotes justice nor lends respect to the statute to refuse enforcement because of informality in the memorandum or its incompleteness in detail.

*Id.* at 992–93 (internal citations and quotation marks omitted) (emphasis in original).

■ To establish the "part performance" exception to the Statute of Frauds:

The terms of the contract must be shown by full, complete, and satisfactory proof. The evidence must define the boundaries and indicate the quantity of the land. It must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract, and, at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. And it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust.

*Kurland v. Stolker,* 516 Pa. 587, 592–93, 533 A.2d 1370, 1373 (1987). *See also Hostetter v. Hoover,* 378 Pa.Super. 1, 547 A.2d 1247 (1988), *appeal denied,* 523 Pa. 642, 565 A.2d 1167 (1989) (affirming order directing specific performance in favor of appellees where appellees presented sufficient evidence of possession and substantial improvements to establish exception to Statute of Frauds; appellees took exclusive possession of property and made substantial improvements on property based on parties' agreement; appellees produced specific evidence that they expended over three thousand dollars on material costs and labor in making improvements; appellees and their children moved into once-dilapidated home and transformed it into comfortable home in which they lived for more than eight years; refusal to enforce contract under these circumstances would be inequitable and unjust).

■ Instantly, the parties presented the following relevant testimony/evidence at the July 11, 2011 bench trial. The parties agreed that George and Joseph Zuk stood on the subject property in 2000 and discussed the division of the remaining eighty-four and one-eighth acre parcel. George Zuk testified that the parties further agreed Appellees would retain thirteen acres "free and clear," in exchange for their interest in the land. To the extent George and Joseph Zuk discussed the sale of any additional acreage, George Zuk insisted they did **not** make a contract for the sale of an additional seventeen acres of land; rather, the parties were simply negotiating the possibility of a sale of additional acreage.

Joseph Zuk testified that he and George Zuk agreed Appellees would retain thirteen acres "free and clear," **plus** buy an additional seventeen acres for the purchase price of $1,600.00/acre. Joseph Zuk maintained the parties decided there was no rush to complete the sale for the seventeen acres, due to Joseph Zuk's separation from his wife and impending divorce. Joseph Zuk presented evidence of a check he sent to Appellants in 2004 for $10,000.00. The memo on the check states: "down payment on land." Appellants subsequently endorsed and cashed that check. In support of his counterclaim, Joseph Zuk also relied on the following memo that Appellant Carol Zuk mailed to Joseph Zuk three years later in 2007:

Joe, total taxes 2007 = $2664.95
2006 = $2636.04
2005 = $2249.18

84 acres total = $31.73 per acre

8a + 5a = 13acres

**paid $10,000 @ 1600 per acre = 6.25a**

**30 acre–19.25 acre = 10.75a**
total taxes owed by Joe

copy of School tax bill (2007) enclosed

$412.49

$198.31

$341.10
$951.90 for 2007 taxes
$941.40 for 2006 taxes
$803.40 for 2005 taxes

**you now have 19.25a**
**you owe for 10.75a @ 1600 per acre = $17,200.**
Enclosed is the current electric bill, I will have them close our account when they take next reading, so be sure to call and have it put in your name at that time. I will call you after I talk to them. Looks like they will take the reading early November.
House rent is $500.00 per month (started 3/01/07) If it is more convenient for you just pay rent monthly and give us dates when you have open for remodeling on Pa. house & we'll pay you per job.
Let us know

(Defense Exhibit 5 at 1) (emphasis added). When asked about this memo at trial, George Zuk conceded that his wife, Carol Zuk, had sent the memo to Joseph Zuk on behalf of Appellants. Nevertheless, George Zuk maintained the memo reflected only the "negotiations" stage of the parties' discussions regarding the sale of land, and did not constitute a binding contract between the parties.

Based on this and other evidence presented at trial, the court reasoned:

The writing in this case, which was introduced as "D5" at trial, was a letter from Carol Zuk (one of the [Appellants]) to [Appellee Joseph Zuk]. At [trial], George Zuk (another [Appellant]) admitted "Joseph was going to buy more acreage, yes." Further, [George Zuk] admitted that his wife did create and send the writing entered as "D5" to [Joseph Zuk]. An authentication of the document on record by [Appellant] is certainly a reliable indication that the person to be charged with performing under the writing intended to authenticate it.

Further, there needs to be an adequate description of the property. An adequate description of the property does not equal a "legal description" of the property. [Appellants argue] that it "is clearly evidence in the Order itself which does not (and cannot based upon the evidence submitted) provide a description of the alleged 30 acres, but instead, orders [Appellees] to 'furnish a legal description' of the property." This is not the correct position.

Previous case law has held that the writing must only enable a competent surveyor to find the land in question from the agreement or from the references made in it. More recent case law has held that for the statute of frauds to be satisfied, only a sufficient description of real estate to permit its identification is necessary. Surely the description need not be so detailed as a legal description and this [c]ourt finds that [Appellees have] provided a sufficient description to

permit the identification of the property. . . . [Joseph Zuk] testified that he and [George Zuk] went onto the land and discussed it and [George Zuk] urged [Joseph Zuk] to have the property surveyed. The [c]ourt is satisfied, then, that an adequate description has been provided and that the admissions of [George Zuk], along with the writing, satisfy the statute of frauds.

(Trial Court Opinion, filed October 4, 2011, at 4–5) (internal citations omitted). The memo from Carol Zuk to Joseph Zuk documented the intended transfer of the thirty-acre parcel by Appellants to Appellees, and the description in the memo was consistent with the testimony presented regarding what was in the minds of the contracting parties. *See Phillips, supra.* Additionally, the parties agreed that Carol Zuk sent the memo at issue to Joseph Zuk, and George Zuk confirmed at trial that his wife sent the memo on behalf of Appellants. *See Hessenthaler, supra.* Further, the memo indicated that Joseph Zuk had paid $10,000.00 toward the purchase and still owed a balance of $17,200.00. Thus, the court decided the memo included an adequate description of the property, a recital of the consideration, and authentication that the memo came from the party to be charged with performing, sufficient to satisfy the Statute of Frauds. *See Trowbridge, supra.* Based on the evidence presented and consistent with the purpose of the Statute of Frauds not to prevent the performance of oral contracts that actually were made, we see no reason to disrupt the court's decision. *See Shaffer, supra; Hessenthaler, supra.*

▮ Moreover, the court also decided Appellees had established the "part performance" exception. The court explained:

However, even if the statute of frauds were not satisfied by the writing in this case, the [c]ourt is further satis-

fied that the statute of frauds does not bar [Appellees'] counterclaim for specific performance for the sale of real estate because [Appellees have] presented evidence sufficient to prove partial performance so as to bring the oral agreement between [Appellants] and [Appellees] outside the statute of frauds.

As the [c]ourt stated in its original Decision, possession, payment and improvement are sufficient to remove the oral contract from the operation of the statute of frauds. *Grafts [Graft] v. Loucks* [138 Pa. 453, 21 A. 203 (1891)]. As for possession, [Appellee Joseph] Zuk made improvements to the premises in the form of the construction of the sub base on one thousand feet of access road, construction of a tool shed and construction of a 25' × 32' cabin. These [are] substantial improvements to the real property and are permanent in nature. [Appellants] were aware of these improvements, and as such the improvements constitute possession that is actual, open, notorious, exclusive and continuing upon the real property in question. Further, both parties have admitted that [Appellees] made partial payment on the property. Therefore, the necessary elements of possession, payment, and improvements have been established and [Appellees have] met the necessary burden to take the oral contract for the sale of land outside of the statute of frauds.

\* \* \*

[Appellees have also] met the burden enunciated under [*Kurland, supra*] and [have] provided sufficient evidence not only to take the contract outside of the statute of frauds, but to be entitled to specific performance of the contract. First, the [c]ourt has found that the terms of the oral contract were shown

by full, complete and satisfactory proof. [Appellees] provided proof that [they] would purchase an additional seventeen acres at $1,600 per acre. [Appellees] provided a cashed check in the amount of $10,000 which was marked "for down payment on land" and finally, [Appellees] provided a letter from Carol Zuk ([Appellant]) [which] stated that [Appellees] had 19.25 acres and owed $17,200 for 10.75 acres, all then for a total of thirty acres. The terms have been shown by full, complete and satisfactory proof.

The evidence did define the boundaries and evidence the quantity of the land. The parties met at the subject real property in Clifford Township and together pointed out the boundaries of the total thirty acres to be conveyed to [Appellees] by [Appellants]. [George Zuk] urged [Joseph Zuk] to have a surveyor return to the premises so that the deal could be completed. The [c]ourt is satisfied with the description of the property provided by [Appellees] and believes that the quantity of land of thirty acres has been sufficiently proven.

The amount of consideration was sufficiently proven, as well. Again, the acres would be sold at $1,600 per acre. [Appellees have] already paid $10,000 to [Appellants] and an additional $17,200 is owed on the property. This is evidenced by a letter written by [Carol Zuk]. [Under *Kurland*], partial payment is sufficient to take the contract outside of the statute of frauds.

... [Appellees] made improvements to the premises in the form of the construction of the sub base on 1000 feet of access road, construction of a tool shed and construction of a 25' × 32' cabin. These [are] substantial improvements to the real property and are permanent in nature. [Appellants] were aware of these improvements, and as such the improvements constitute possession that is actual, open, notorious, exclusive and continuing upon the real property in question.

\* \* \*

These actual structures constructed on the property in dispute are ... permanent and uncompensable.... As such, rescission of the contract would be inequitable and unjust. Therefore, the final elements enunciated [in *Kurland*] have been met.

(Trial Court Opinion at 5–8). The record supports the court's decision. *See Kurland, supra; Shaffer, supra; Hostetter, supra.* Consequently, Appellants' first and second arguments on appeal merit no relief.

█ In their third argument, Appellants complain about the admission into evidence of Defense Exhibits 2 and 3, over Appellants' objections.[5] Appellants assert Defense Exhibit 3 is an older map of the property (before Appellants and Appellees conveyed thirteen acres to Michael and Susan Zuk) with a surveyor's notes, which constitutes inadmissible hearsay because the surveyor did not testify at trial. Appellants maintain Appellees could not even identify by name the surveyor who drafted the document. Appellants insist both exhibits constitute inadmissible hearsay because Appellees offered them to prove the truth of the matter asserted. Appellants claim Appellees failed to articulate at trial an exception to the hearsay rules to support admission of the exhibits. Moreover,

---

**5.** Appellants do not describe Defense Exhibit 2 in their appellate brief. Defense Exhibit 2 is a map/diagram of the original property as approximately ninety-seven acres, which includes the thirteen acres conveyed to Michael and Susan Zuk. Defense Exhibit 2 is similar to Defense Exhibit 3 but without any "surveyor's notes."

**112**

Appellants contend Appellees failed to authenticate the challenged exhibits. Appellants conclude the trial court erred in admitting Defense Exhibits 2 and 3, and this Court should reverse the order directing specific performance. We disagree.

The well-established standard of review regarding the admission or exclusion of evidence is very narrow:

These matters are within the sound discretion of the trial court, and we may reverse only upon a showing of abuse of discretion or error of law. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. In addition, to constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Jacobs v. Chatwani*, 922 A.2d 950, 960 (Pa.Super.2007), *appeal denied*, 595 Pa. 708, 938 A.2d 1053 (2007).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c).

A statement, other than one made by the declarant while testifying at the trial or hearing (an out-of-court statement), is hearsay **only if** it is offered to prove the truth of the matter asserted. There are many situations in which evidence of an out-of-court statement is offered for a purpose other than to prove the truth of the matter asserted.

*Id.* Comment (emphasis added).

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Pa.R.E. 901. "A document may be authenticated by direct proof and/or by circumstantial evidence. Proof of any circumstances which will support a finding that the writing is genuine will suffice to authenticate the writing." *In re F.P.*, 878 A.2d 91, 94 (Pa.Super.2005) (internal citations and quotation marks omitted).

Instantly, the court addressed Appellants' third argument on appeal as follows:

Finally, [Appellants argue] that two maps were improperly admitted into evidence. This [c]ourt found Joseph Zuk ([Appellee]) to be a credible witness, and further, [Joseph Zuk] testified about the location of the property which was the subject of the contract. [Joseph Zuk] discussed survey pins and roads to define the location of the tract of property he wished to purchase. Although he used the maps as an aid, **they were not hearsay because they were not entered for the truth of the matter asserted, but instead to assist [Appellee] in describing the property.**

(Trial Court Opinion at 8–9) (emphasis added). Review of the record makes clear Joseph Zuk used both exhibits merely as aids to describe generally to the court where the thirty-acre parcel was located. The record confirms Appellees did not offer the challenged exhibits to prove the accuracy or truth of the surveyor's notes. *See* Pa.R.E. 801(c), *Comment.* Additionally, Joseph Zuk testified that Defense Exhibits 2 and 3 represented maps of the entire property as it originally existed. Appellees held an ownership interest in the property and were certainly familiar enough with the property to endorse the maps as accurate depictions. Joseph Zuk's testimony was sufficient to support a finding that the exhibits represented what

Joseph Zuk described. *See* Pa.R.E. 901. We see no reason to disrupt the court's decision to admit Defense Exhibits 2 and 3 for their limited purpose. *See Jacobs, supra.* Thus, Appellants' third claim merits no relief. Accordingly, we affirm.

Order affirmed.