J-S44027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAUL J. PREISINGER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| HEATHER FOX AND CONSTANCE J. LOUGHNER | |
| APPEAL OF: HEATHER FOX | No. 18 WDA 2015 |

Appeal from the Judgment Entered December 16, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No: AR-13-002323

BEFORE: LAZARUS, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:               **FILED NOVEMBER 17, 2015**

Appellant, Heather Fox, appeals from the December 16, 2015 judgment entered against her and in favor of Appellee, Paul Preisinger, in the amount of $10,000.00. We affirm.

The trial court recited the pertinent facts and procedural history in its Pa.R.A.P. 1925(a) opinion:

> [Appellee], a maintenance worker at Extended Stay America, met Constance Loughner late in 2010 during a nine-month period when Ms. Loughner resided there. [Appellee] 'developed a loving, caring relationship' with Ms. Loughner. Around April 30, 2012, Ms. Loughner informed [Appellee] that her daughter, [Appellant], was having financial difficulties. [Appellee] offered to lend [Appellant] $10,000, and he promptly provided Ms. Loughner a $10,000 check payable to [Appellant].
>
> Ms. Loughner then promptly ended her romantic relationship with [Appellee], and [Appellant] did not make any of the scheduled loan payments. In June of 2013, [Appellee] sued

[Appellant] and Ms. Loughner for breach of contract. The dispute was first heard by a compulsory arbitration panel, and when the award was thereafter appealed, I was assigned to conduct the non-jury trial. Ms. Loughner died before the trial and [Appellee] then dismissed her as a defendant and proceeded against only [Appellant]. My verdict was in favor of [Appellee] in the amount of $10,000.

Trial Court Opinion, 3/2/15, at 1-2.

The trial court denied Appellant's post-trial motion and reduced its verdict to a judgment on December 16, 2014. Appellant filed this timely appeal. She asserts that the trial court erred in finding an enforceable contract absent any evidence of consideration or of Appellant's acceptance of the alleged terms of repayment prior to her receipt of the $10,000.00 check from Appellee. Appellant's Brief at 4. Appellant argues the agreement was between Appellee and Loughner.

We review the trial court's non-jury verdict as follows:

Our review in a non-jury case such as this is limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence. Conclusions of law, however, are not binding on an appellate court, whose duty it is

to determine whether there was a proper application of law to fact by the lower court. With regard to such matters, our scope of review is plenary as it is with any review of questions of law.

*Shaffer v. O'Toole*, 964 A.2d 420, 422-23 (Pa. Super. 2009) (internal citations and quotation marks omitted), *appeal denied*, 981 A.2d 220 (Pa. 2009).

In essence, Appellant argues that she never formed an oral contract with Appellee. "In order to form a contract, there must be an offer, acceptance, and consideration or mutual meeting of the minds." *Yarnall v. Almy*, 703 A.2d 535, 538 (Pa. Super. 1997). The parties must manifest an intent to be bound to an agreement whose terms are sufficiently definite. *Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 516 (Pa. Super. 1995) (*en banc*). "When oral contracts are disputed, the issues of what was said, done, and agreed upon by the parties are ones of fact to be determined by the fact finder. Also, the question of the intent of the parties is a factual one reserved to the province of the fact finder." *Krebs v. United Ref. Co. of Pennsylvania*, 893 A.2d 776, 783 (Pa. Super. 2006).

The trial court found as fact that Loughner conveyed the payment schedule to Appellant before Appellee delivered the check to Loughner. Trial Court Opinion, 2/3/15, at 2. The trial court found Appellee credible and did not credit Appellant's testimony:

> While [Appellant] denied being told the $10,000 was a loan, her denial was not credible. [Appellee's] testimony that [Loughner] had conveyed the repayment terms to [Appellant] before [Appellant] received the check, [Appellant] admitting

[Loughner] told her in advance to expect the money and [Appellant] reciting the repayment terms to [Appellee] shortly after receiving it is credible evidence that [Appellant] accepted the repayment terms at or before the time she received the $10,000.

*Id.* at 3. We have conducted a thorough review of the trial transcript, and we conclude the record supports the trial court's findings of fact.

Appellant's argument—that no contract exists because of the absence of consideration or mutual meeting of the minds—is simply a challenge to the trial court's credibility determinations. Appellee testified that he provided a $10,000.00 loan to Appellant in exchange for Appellant's promise to repay the loan according to an agreed-upon schedule. Appellant notes that the only evidence of her assent is hearsay within hearsay, as it came from Appellant's testimony that the parties negotiated the agreement through Loughner. Appellant believes it was "a stretch" for the trial court to credit hearsay within hearsay. Appellant's Brief at 8. We initially note Appellant lodged no objection to Appellee's testimony, and the applicable standard of review requires this court to defer to the trial court's credibility findings. *Shaffer*, 964 A.2d at 422-23.

Appellant also relies on *Johnston the Florist*. There, TEDCO was the general contractor for the construction of a personal care facility. The owner hired Johnston the Florist to do landscape work for the project. TEDCO was not a party to the negotiations between the owner and Johnston. Johnston nonetheless filed a complaint against TEDCO seeking payment for its

landscaping work, alleging that it had an oral contract with TEDCO. As evidence of the oral contract, Johnston produced several invoices it sent to TEDCO during the course of Johnston's landscaping work. This Court affirmed the trial court's finding that no contract existed, as the offer and acceptance occurred between Johnston and the owner with no involvement from TEDCO. *Johnston the Florist*, 657 A.2d at 512-16.

*Johnston the Florist* does not support Appellant's argument. Here, the trial court found credible evidence that the parties arrived at an agreement using Loughner as an intermediary and that Appellant confirmed those terms to Appellee. According to Appellee's testimony, he offered to loan Appellee $10,000.00 if Appellant would repay the loan according to a prescribed schedule. Appellee testified that Appellant accepted that offer. In *Johnston the Florist*, in contrast, the record contained no evidence that TEDCO entered an agreement with Johnston, even through an intermediary. Appellant cites no law forbidding the use of an intermediary to negotiate a binding contract.

Based on the foregoing, we conclude that Appellant's assertions of error lack merit. We therefore affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2015