J. S36033/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICHARD POSOFF AND SUSAN | : | |
| POSOFF, | : | |
| | : | No. 3472 EDA 2016 |
| Appellants | : | |

Appeal from the Order Entered October 12, 2016,
in the Court of Common Pleas of Delaware County
Civil Division at No. 16-0792

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:                **FILED JULY 17, 2017**

Richard Posoff and Susan Posoff (collectively, "appellants") appeal **pro se** from the October 12, 2016 order of the Court of Common Pleas of Delaware County that granted the motion for summary judgment of Wells Fargo Bank, N.A. ("appellee") and entered judgment in favor of appellee and against appellants in the amount of $602,892.61 plus interest at the rate of $25.46 **per diem** from May 18, 2016 plus such costs and charges as are collectible under the mortgage and for foreclosure and sale of the mortgaged property.  We affirm.

The relevant facts, as recounted by the trial court, are as follows:

> [Appellants] executed a Mortgage in favor of World
> Savings Bank, FSB[Footnote 1] on June 3, 2004 in
> the amount of $487,500 with regard to real property
> located at 535 Brandymede Road, Rosemont,

Delaware County, Pennsylvania. On the same date, Richard Posoff also signed a Promissory Note which was secured by the Mortgage. The Mortgage and Promissory Note were modified pursuant to a Loan Modification Agreement on April 9, 2013. [Appellants] have failed to make the scheduled payments on the Mortgage since July 1, 2012. Thus, under the terms of the Mortgage, the entire loan has become due and payable, along with interest, late charges, costs and attorney fees and expenses. [Appellee] provided [appellants] with written notice of [appellants'] default under the Mortgage and [appellee's] intention to foreclose through a Notice of Homeowners Emergency Mortgage Assistance Program pursuant to Act 91 of 1983 as amended in 2008.

> [Footnote 1]: [Appellee] is currently the holder of the mortgage and note as successor by merger to World Savings Bank, FSB.

[Appellee] instituted this action on January 29, 2016 by filing a Complaint in Mortgage Foreclosure. [Appellee] filed an ***in rem*** action and did not seek personal liability against [appellants]. On March 21, 2016, [appellants] filed an Answer with New Matter to [appellee's] Complaint. [Appellants'] Answer sets forth a series of general denials. They admit only their names and address, that they are the record owners of the mortgaged premises and that they were sent the Act 91 notice. In [appellants'] New Matter, they assert that [appellee's] Complaint should fail due to accord and satisfaction, estoppel, failure of consideration, impossibility of performance, the Doctrine of Laches, the Statute of Frauds, and truth and waiver. [Appellants] also assert that the Complaint should fail as only Richard Posoff[] executed the Mortgage[Footnote 2] and because the Mortgage is defective. On April 29, 2016, [appellee] filed a Reply to New Matter arguing that the affirmative defenses asserted by [appellants] did not apply, that the Complaint complied with the

statutory requirements for a mortgage foreclosure and denied that the Mortgage was defective.

> [Footnote 2]: This is factually incorrect. A review of the Mortgage shows that both [appellants] signed the Mortgage.

During the pendency of the action, [appellee] discovered errors in the legal description in the Mortgage. On May 6, 2016, [appellee] filed a Motion to Reform Mortgage to Correct Legal Description requesting this Court to reform the Mortgage to correct the legal description of the mortgaged property. [Appellee] states that a scrivener's error resulted in an inaccurate legal description of the property. The proposed correction involves minimal revisions to the metes and bounds description appearing in the Mortgage. On May 12, 2016, [appellants] filed an Answer to [appellee's] Motion arguing that the Motion should be denied as the elements to reform a written instrument have not been met. This Court denied [appellee's] Motion to Reform Mortgage to Correct Legal Description by way of Order dated June 29, 2016. This Court denied [appellee's] Motion as it is not the proper procedure for reforming a mortgage to correct a legal description. Such reformation is addressed through an action to quiet title, a remedy remaining available to [appellee]. However, this Court finds that the errors in the Mortgage are ***de minimus*** and immaterial to the issue before this Court.

[Appellee] filed its Motion for Summary Judgment on July 21, 2016. [Appellants] filed a response on August 18, 2016. In their response, [appellants] assert that the mortgage is "defective" in that it contains an incorrect legal description of the property. They assert that this fact has been admitted by [appellee] as it had filed the Motion to Reform Mortgage to Correct Legal Description. They argue that [appellee's] Motion for Summary Judgment must be denied because the incorrect legal description of the property in the Mortgage is an issue of material fact relevant to their defense. On

> October 12, 2016, this Court entered an Order granting [appellee's] Motion for Summary Judgment entering an **in rem** judgment against [appellants] in the amount of $602,892.61 plus interest, costs and charges collectible under the Mortgage and for foreclosure and sale of the mortgaged property. [Appellants] filed a Motion for Reconsideration[1] with this Court and an appeal to the Superior Court, both on November 3, 2016.

Trial court opinion, 1/17/17 at 1-3 (citations omitted).

On appeal, appellants raise the following issue for this court's review: "Whether the judgment following [appellee's] motion for summary judgment should be stricken because there was an admitted error in the legal description of the real property that was the subject of the mortgage foreclosure complaint with no showing of fraud, accident or mistake?" (Appellants' brief at 4 (capitalization omitted).)

This court reviews a grant of summary judgment under the following well-settled standards:

> Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of

---

[1] The trial court did not rule upon this motion.

material fact against the moving party. Thus, summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment.

[O]n appeal from a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party. With regard to questions of law, an appellate court's scope of review is plenary. The Superior Court will reverse a grant of summary judgment only if the trial court has committed an error of law or abused its discretion. Judicial discretion requires action in conformity with law based on the facts and circumstances before the trial court after hearing and consideration.

*Gutteridge v. A.P. Green Services, Inc.*, 804 A.2d 650, 651 (Pa.Super. 2002).

*Wright v. Allied Signal, Inc.*, 963 A.2d 511, 514 (Pa.Super. 2008) (citation omitted). Summary judgment in mortgage foreclosure actions is subject to the same rules as any other civil action. *See* Pa.R.C.P. 1141(b).

Appellants argue that the trial court erred when it granted the motion for summary judgment because there was an admitted error in the legal

description of the real property that was the subject of the mortgage foreclosure complaint with no showing of fraud, accident, or mistake.

Appellants raised the issue of a defective mortgage in new matter and stated that the complaint should fail because the mortgage is defective. In its reply to new matter, appellee stated, as follows:

> Denied. The averments of paragraph twenty-four (24) are denied as conclusions of law to which no response is necessary. By way of further response, [appellants] have not presented any facts in support of same and [appellee] submits that no such facts exist. Moreover, [appellee] specifically denies that the subject mortgage is defective.

Reply to New Matter, 4/29/16 at 3 ¶24. Appellants argue that appellee, by filing two motions to reform the mortgage, effectively admitted that the legal description of the mortgage was defective. Appellants argue that the inaccurate description is reason for this court to reverse the grant of summary judgment.

First, it is important to determine exactly what this error in the legal description of the property is. The metes and bounds contained in the legal description states that at one point there is an arc distance of 111.50 feet when it actually is 111.53 feet. Additionally, when a plan of lots is mentioned, the word "said" is left out as in "said plan being recorded . . . ." There is one other error where the words "91.71 feet to a point; thence extending South 78 degrees 18 minutes 8 seconds West 230.31 feet" are left out.

The trial court found that the errors in the description of the property in the mortgage were **de minimus** and immaterial to the issue that was before it.

This court agrees with the trial court. Under Pennsylvania law, a mortgage is an interest in land which must comply with the Statute of Frauds. **See Eastgate Enters, Inc. v. Bank & Trust Co. of Old York Rd.**, 345 A.2d 279, 281 (Pa.Super. 1979). Under the Statute of Frauds, a purported transfer of an interest in real property is not enforceable unless it is evidenced in writing and signed by the parties. **Long v. Brown**, 582 A.2d 359, 361 (Pa.Super. 1990). **See** 33 P.S. § 1. To satisfy the statute of frauds, the writing:

> need only include an adequate description of the property, a recital of the consideration and the signature of the party charged [with performing]. . . . A description of the property will satisfy the Statute of Frauds where it describes a particular piece or tract of land that can be identified, located, or found.

**Zuk v. Zuk**, 55 A.3d 102, 107 (Pa.Super. 2012). A detailed description of the property is not needed where the description shows that a particular tract is within the minds of the contracting parties and was intended to be conveyed. **Id.**

Here, the legal description of the property which was included on Exhibit A to the mortgage contains the lot number assigned to the property in the original recorded subdivision plan and also includes the tax parcel

number for the property. These descriptions adequately describe the property subject to the mortgage to satisfy the Statute of Frauds.

Given that the legal description adequately describes the real property encumbered by the mortgage, this court must determine whether the trial court erred or abused its discretion when it granted appellee's motion for summary judgment. Appellee complied with the requirements of Rule 1147(a) of the Pennsylvania Rules of Civil Procedure, when it provided in its complaint the parties to the mortgage, the record of any assignments of the mortgage, a description of the land, the names and addresses of the appellants, an averment of default, an itemized statement of the amount due and a demand for judgment of the amount due. Appellants either admitted the allegations in the complaint or issued a general denial. It is well settled that general denials in an answer to a complaint in a mortgage foreclosure action constitute admissions. *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 466-467; *see also* Pa.R.C.P. No. 1029(b). For example, general denials by a mortgagor that he is without sufficient information as to form a belief with respect to the amount of principal and interest due and owing constitutes an admission of the amounts. *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 396 (Pa.Super. 2015). As there is no dispute regarding the material facts at issue, the trial court did not err when it granted summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017