**Robert W. PISTON and Kathy M. Piston, Husband and Wife, Appellees**

v.

**Keith A. HUGHES and Sherri L. Campbell, Husband and Wife, Appellants.**

**Robert W. Piston and Kathy M. Piston, Husband and Wife, Appellants**

v.

**Keith A. Hughes and Sherri L. Campbell, Husband and Wife, Appellees.**

Superior Court of Pennsylvania.

Argued May 15, 2012.
Filed Feb. 22, 2013.

David Goodwin, Sharon, for Campbell and Hughes.

David A. Ristvey, Hermitage, for Piston.

BEFORE: MUSMANNO, BENDER and STRASSBURGER *, JJ.

OPINION BY MUSMANNO, J.:

Keith A. Hughes and Sherri L. Campbell ("Appellants"), husband and wife, appeal from the Judgment entered by the trial court against them and in favor of Robert W. Piston and Kathy M. Piston (collectively, "the Pistons"). The Pistons have filed a cross-appeal challenging the trial court's admission of certain evidence during the bench trial. Upon review, we affirm the Judgment entered by the trial court.

In its Opinion, the trial court briefly summarized the dispute underlying the instant appeal as follows:

[The Pistons] purchased their 43 acres of unimproved vacant woodlands in 2008 and then reported [certain] homeowners to the City of Hermitage[,] [as the homeowners] had sheds encroaching onto their land. The City of Hermitage sent letters to all of those homeowners who had not acquired building permits and directed them to remove the sheds from [the Pistons'] property. All of those homeowners complied[,] with the exception of [Appellants,] who wrongfully believed that they actually owned a 75 foot by 90 foot vacant tract of land acquired by [the Pistons] in their deed. Accordingly, [Appellants] filed an [A]n-

swer and [N]ew [M]atter seeking a declaration by the court that [Appellants] have acquired title to the subject lot by adverse possession. While [Appellants] initially believed that they were exercising possession and/or control over the subject lot since 1984 on the mistaken belief that they actually owned that lot, [Appellants] have subsequently conceded that legal title to the subject property is in [the Pistons]. . . .

Trial Court Findings of Fact, Conclusions of Law and Verdict, 4/18/11, at 4–5.

After a bench trial, the trial court entered a verdict in favor of the Pistons, determining that Appellants had failed to establish their ownership of the disputed parcel by adverse possession. *Id.* at 5. Appellants filed a Notice of appeal, followed by a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of matters complained of on appeal. On September 1, 2011, the verdict of the trial court was rendered final by its entry of Judgment on the verdict.[1],[2] Thereafter, the Pistons filed a cross-appeal, followed by a court-ordered Rule 1925(b) Concise Statement. The appeals are now consolidated for our review.

We first address the claims raised by Appellants on appeal:

(1) Whether the evidence shows the tract in question to be woodlands[?]

---

* Retired Senior Judge assigned to the Superior Court.

1. *See* Pa.R.A.P. 905(a) (providing that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

2. We note that both the Appellants and the Pistons filed Motions for post-trial relief. The filing of the Notice of appeal, while post-trial Motions remained pending, did not deprive the trial court of jurisdiction to rule on those

Motions. *See* Pa.R.A.P. 1701(b)(6) (providing that a trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order."). Notwithstanding, the trial court did not enter an order within 120 days after the filing of the first Motion. *See* Pa.R.C.P. 227.4 (providing for the denial of post-trial motions by operation of law). Accordingly, the entry of the Judgment on September 1, 2011, was final as to all of the parties and all of the issues. *See id.*

(2) Whether [Appellants] proved adverse possession for the statutory period[?]

Brief of Appellants at 4.

While Appellants present two claims in their Statement of Questions Involved, they failed to divide the Argument section of their brief into "as many parts as there are questions to be argued[,]" as required by Pennsylvania Rule of Appellate Procedure 2119(a). In their Argument, Appellants assert that "[t]he evidence is clear that [they] were in exclusive possession of a strip of land 75 feet wide by 90 feet in depth starting in 1984." Brief of Appellants at 7. Appellants point out that the record owner of the parcel had notice of their use of the property. *Id.* at 8. Appellants further explain that they maintained the disputed parcel, using it as an "extension of their backyard[.]" *Id.* Further, Appellants argue that the parcel at issue does not meet the definition of "woodlands," as they had cleared the land and maintained it as a yard. *Id.*

Appellate review in a non-jury case is limited to

> a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

*Shaffer v. O'Toole,* 964 A.2d 420, 422 (Pa.Super.2009) (quoting *Hart v. Arnold,*

884 A.2d 316, 330–331 (Pa.Super.2005) (citations omitted)).

> The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence. Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the [trial] court. With regard to such matters, our scope of review is plenary as it is with any review of questions of law.

*Id.* at 422–23 (quoting *Christian v. Yanoviak,* 945 A.2d 220, 224–25 (Pa.Super.2008) (some internal citations and quotation marks omitted)); accord *Zuk v. Zuk,* 55 A.3d 102, 106 (Pa.Super.2012).

"One who claims title by adverse possession must prove actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years. Each of these elements must exist; otherwise, the possession will not confer title." *Rec. Land Corp. v. Hartzfeld,* 947 A.2d 771, 774 (Pa.Super.2008) (quoting *Flannery v. Stump,* 786 A.2d 255, 258 (Pa.Super.2001) (internal citations omitted)).

The requirements for actual possession of a property will necessarily vary based on the nature of the property. *Shaffer,* 964 A.2d at 424.

> Our case law has developed a rather strict standard for proving adverse possession of woodland. A person establishes actual possession of a woodland by residence or cultivation of a part of the tract of land to which the woodland belongs.

The issue of whether a parcel of land is woodland appears to be a threshold factual question for the trial court to decide in the first instance.

*Id.* (quoting *Hartzfeld,* 947 A.2d at 774 (internal quotation marks and citations omitted)); *see also Bride v. Robwood Lodge,* 713 A.2d 109, 112 (Pa.Super.1998) (stating that "[w]hat constitutes adverse possession depends, to a large extent, on the character of the premises.").

■ On appeal, Appellants challenge the trial court's finding that the parcel in dispute is "woodland." *See generally* Brief of Appellants at 8. Appellants observe that, in order to apply adverse possession case law involving woodlands, "the [trial] court had to follow an industry expert of [the Pistons] who opined that in the timber industry, all land upon which woodlands sit is woodland." *Id.* In support, Appellants proffer the statement that "the timber industries' definition of woodlands does not control the law of adverse possession." *Id.*

Appellants do not direct our attention to any evidence of record or case law supporting their assertion. Because Appellants' challenge to the trial court's finding that the parcel is woodland is undeveloped and unsupported by citation to relevant authority, we deem it waived. *See Fletcher–Harlee Corp. v. Szymanski,* 936 A.2d 87, 103 (Pa.Super.2007) (deeming a claim that is undeveloped and unsupported by relevant authority to be waived).

■ Even if Appellants properly had developed their claim, we would conclude that it lacks merit. In its Findings of Fact, Conclusions of Law and Verdict, the trial court stated the following:

It is [ ] the finding of this court that the 75 foot by 90 foot subject parcel of land[,] which was vacant and unimproved land[,] was woodlands and was part of the larger 43 acre tract of land

which was likewise unimproved vacant woodlands. [The Pistons'] expert witness, Mark R. Webb ["Webb"], a consulting forester, clearly established through photographic evidence that the entire 43 acre parcel has been woodlands for at least 34 years. Furthermore, the testimony clearly reveals that the outer perimeter of a tract of woodland does not necessarily form a straight line in order for it to retain its characteristic woodlands. Woodlands encompasses property that contains not only various sizes of trees and standing timber, but also brush, swampland, open areas within the woodlands and/or along its outer perimeter[,] as well as creeks, ponds, lakes, valleys, various rock formations, etc. Here, the undisputed testimony is that the disputed unimproved vacant lot is within the tree line of the larger 43 acre tract of land purchased by [the Pistons] and would be grown up brush had it not been mowed by [Appellants].

Trial Court Findings of Fact, Conclusions of Law and Verdict, 4/18/11, at 5–6. The trial court's findings are supported in the record and its legal conclusion is sound. *See N.T.,* 2/8/11, at 150–64 (wherein Webb testified regarding his observations of the 43 acre property and the disputed parcel within that property), 163–64 (wherein Webb opined that he saw "no evidence or indication that this area has been or had been cultivated for commercial or personal use"), 164 (wherein Webb opined that the disputed parcel is part of "the woodlands"). Accordingly, Appellants would not be entitled to relief on this claim.

■ Appellants next claim that the trial court erred in concluding that they had failed to establish ownership of the disputed parcel by adverse possession. Brief of Appellants at 7. According to Appellants, "[t]he evidence is clear that [Appellants]

were in exclusive possession of a strip of the land 75 feet wide by 90 feet in depth starting in 1984." *Id.* Appellants direct our attention to the fact that they had mowed the grass, maintained a fire pit, installed swings and erected another building partially on the property. *Id.* Appellants do not include citations to the certified record supporting their assertions. Notwithstanding, our review discloses that the trial court's findings are supported in the record and its legal conclusions are sound.

The trial court found that Appellants "at no time erected and/or maintained a residence and/or cultivated the subject parcel except for the *de minimis* small garden planted on a few feet of the subject parcel prior to 2004." Trial Court Findings of Fact, Conclusions of Law and Verdict, 4/18/11, at 3. The trial court's finding is supported by the uncontradicted testimony of Webb. Webb testified that he "saw no evidence or indication that this area has been or had been cultivated for commercial or personal use." N.T., 2/8/11, at 164. Webb stated that he observed no evidence of a residence or dwelling on the property. *Id.* at 162. Webb also explained that openings and places where the trees had thinned are considered "part of the forested landscape." *Id.* at 159.

While Appellants claimed that they had mowed, used and maintained the disputed parcel, the trial court credited the testimony of Webb regarding whether the parcel had been cultivated. The trial court's findings, based upon the credibility of the witnesses, are binding upon this Court, as we discern no lack of evidentiary support or capricious disregard of evidence by the trial court. *See Shaffer,* 964 A.2d at 424 (stating that the trial court's findings are binding on appeal where they are based upon the credibility of the witnesses and there is no abuse of discretion or capricious disregard of evidence by the trial court). Accordingly, Appellants are not entitled to relief on this claim.

In their cross-appeal, the Pistons challenge certain evidentiary rulings by the trial court. Specifically, the Pistons claim that the trial court improperly allowed Appellants to present testimony regarding certain statements by their predecessor, who is now deceased. Brief for the Pistons at 5. The Pistons further challenge the trial court's findings and conclusion that Appellants met the remaining elements to establish adverse possession of the disputed parcel. *Id.* at 35. Because we afford Appellants no relief in their appeal, we need not address the claims raised by the Pistons. Accordingly, we affirm the Judgment entered by the trial court.

Judgment affirmed.