J-S13013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

GARY L. RISCH, JR.,

    Appellant

    v.

GARY L. RISCH, SR.,

    Appellee


GARY L. RISCH, SR.,

    Appellee

    v.

GARY L. RISCH, JR.,

    Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 998 WDA 2014

Appeal from the Judgments entered August 6 and 7, 2014
In the Court of Common Pleas of Butler County
Civil Division at No(s):
No. AD 13-10219
No. AD 13-10402


BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:      **FILED MARCH 17, 2015**

Gary L. Risch, Jr. (Appellant) appeals from the judgments entered on August 6 and 7, 2014, following a non-jury trial and the denial of his post-trial motions.  We affirm.

We adopt the following statement of facts, extracted from the trial court's findings:

Gary L. Risch, Sr. (Appellee) and his father owned property located at 119 South Pike Road, Sarver, Pennsylvania (the Property). In 1999, with the consent of Appellee and his father, Appellant began to operate a landscaping business at the Property, known as Sarver Landscaping Supply. Appellant and Appellee owned Sarver Landscaping Supply as general partners. However, Appellee did not manage, operate or receive profits from the partnership. Rather, Appellee provided financial support, real estate for the business location, and several items for use in the business operations.

Appellee acquired concrete barriers from a friend to arrange as bins in which to store landscape product. Additional concrete was poured to form a floor for the bins to prevent ground debris from mixing with the product. The poured concrete adhered to the barriers such that their removal would damage either the barriers or the Property.

Appellee's father loaned Appellee and Appellant money to purchase a Brechbuler truck scale for use in the business. Appellee and his father intended the truck scale to increase the value of the Property. The truck scale was bolted to a concrete slab; concrete ramps were constructed so that trucks could access the scale; and electrical wiring was attached to the scale and run through buried conduit into the business office.

Appellee acquired a mobile trailer from a friend. Once moved to the Property, the trailer's wheels, axles, and hitch were removed, and it was

lowered onto concrete blocks. The trailer was used as an office for the landscaping business; however, Appellee acquired the trailer to increase the value of the Property.

In 2003, Sarver Landscaping Supply became a sole proprietorship, owned and operated by Appellant. Appellant continued to operate the business until December 2012.

From 1999 until April 2011, Appellee did not require Appellant to pay rent for his use of the Property. However, in April 2011, Appellant and Appellee entered into a lease agreement (the Lease). The period of the Lease extended from April 1, 2011, to January 1, 2012, with a holdover provision extending the period of the Lease on a month-to-month basis. Appellant agreed to make monthly rental payments of $600. Other relevant provisions of the Lease included: (1) a 5% late charge imposed on delinquent rent; (2) an obligation to surrender possession of all fixtures and furnishings connected with the Property; and (3) the prohibition of oral modifications to its terms.

Appellant paid rent from April until October 2011. In December 2012, Appellee posted an eviction notice on the office located on the Property, whereupon Appellant ceased using the Property. Thereafter, Appellant attempted to retrieve the concrete barriers and the truck scale, but Appellee telephoned the police, who escorted Appellant from the Property. **See** Trial Court Decision at 2-8.

Litigation commenced in 2013. Appellant filed a complaint at docket

No. AD 13-10219, asserting claims in replevin, conversion, breach of

contract, and unjust enrichment. In a parallel action, Appellee filed a

complaint at docket No. AD 13-10402, seeking rent payments. In March

2013, these actions were consolidated, and a bench trial commenced.

Following trial, the Honorable Marilyn Horan issued a decision, finding that

the concrete barriers, the truck scale, and the trailer are the property of

Appellee. Moreover, Judge Horan found Appellant owed $8,190 in rent and

late fees to Appellee.[1]

Appellant filed post-trial motions, which were denied by the trial court.

Judgments were entered. Appellant timely appealed and filed a court-

ordered Pa.R.A.P. 1925(b) statement.[2] The trial court issued an opinion,

_____

[1] Also at issue before the trial court at docket No. AD 13-10219, but
irrelevant to this appeal, were a wooden shed located on the Property and
several, additional items of personal property located at a garage owned by
Appellee. Judge Horan awarded possession of these items to Appellant.

[2] On March 10, 2014, the trial court granted the parties' joint motion to
consolidate. However, following trial and the resolution of Appellant's post-
trial motions, the court entered three judgments, disposing of different
portions of the two, consolidated dockets. At No. AD 13-10219, the court
entered judgments on August 6, 2014 (awarding possession of the wooden
shed and several additional items to Appellant), and August 7, 2014
(awarding possession of the concrete barriers, truck scale, and trailer to
Appellee). At No. AD-10402, the court entered judgment on August 6, 2014
(awarding rent and late fees to Appellee). Appellant prematurely filed two
notices of appeal (one for each docket) on June 24, 2014, following the
denial of his post-trial motions. *See Harvey v. Rouse Chamberlin, Ltd.*,
901 A.2d 523, 525 n.1 (Pa. Super. 2006) (noting that orders denying post-
*(Footnote Continued Next Page)*

incorporating the findings of fact, analysis, and conclusions of law set forth in its decision.

On appeal, Appellant contends that the trial court abused its discretion and or erred as a matter of law in (1) finding that there was not a waiver of the Lease's prohibition of oral modifications to its terms, and thus, holding him liable for delinquent rent; (2) concluding that the concrete barriers, truck scale, and trailer constitute fixtures; (3) relying on Appellee's intentions concerning the permanence of the truck scale and trailer; and (4) failing to classify the concrete barriers, truck scale, and trailer as trade fixtures.  **See** Appellant's Brief at 7-9.[3]

> In addressing these issues, our review is limited to
>
> a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law.  Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion.  When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party

_(Footnote Continued)_ ⸻

trial motion are not appealable).  Nevertheless, as judgments were entered subsequently, we may address the appeals.  **Id.**  This Court only assigned one docket number to the appeals.

[3] Appellant also suggests that the trial court's conclusion that the aforementioned items are fixtures is against the weight of the evidence.  **Id.** at 8.  Appellant did not raise a weight of the evidence claim in his post-trial motion.  Accordingly, we deem it waived.  **See Phillips v. Lock**, 86 A.3d 906, 918-19 (Pa. Super. 2014) (citing **In re Estate of Smaling**, 80 A.3d 485, 490-91 (Pa. Super. 2013) (_en banc_)).

must be taken as true and unfavorable inferences rejected. The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence. Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the [trial] court. With regard to such matters, our scope of review is plenary as it is with any review of questions of law.

*Piston v. Hughes*, 62 A.3d 440, 443 (Pa. Super. 2013) (quoting *Shaffer v. O'Toole*, 964 A.2d 420, 422-23 (Pa. Super. 2009) (internal quotation omitted)); *see also Quimby v. Plumsteadville Family Practice, Inc.*, 907 A.2d 1061, 1074 (Pa. 2006) ("A lower court's grant or denial of a judgment n.o.v. will be disturbed only for an abuse of discretion or an error of law.") (citing *Adamski v. Miller*, 681 A.2d 171, 173 (Pa. 1996)).

Appellant first contends that the trial court erred in holding him liable for delinquent rent. According to Appellant, in October 2011, he and Appellee orally agreed that Appellant no longer needed to pay rent. Appellant recognizes that the terms of the Lease prohibit oral modification of its terms but suggests that the evidence compelled the court to recognize a waiver of the prohibition. We disagree.

Appellant purports to raise a purely legal argument, citing in support *Universal Builders, Inc. v. Moon Motor Lodge, Inc.*, 244 A.2d 10, 15 (Pa. 1968) ("[I]t appears undisputed that [a] contract can be modified orally although it provides that it can be modified only in writing."); and *Somerset Cmty. Hosp. v. Mitchell*, 685 A.2d 141, 146 (Pa. Super. 1996) (recognizing

- 6 -

that parties' conduct may establish the intent to waive a contract's requirement that amendments be made in writing). However, the basis of the trial court's decision rests firmly upon its factual finding that Appellee never agreed to modify the terms of the Lease. **See** Trial Court Decision, 03/25/2014, at 13; **see also Somerset Cmty. Hosp.**, 685 A.2d at 146 ("An oral contract modifying a prior written contract, however, must be proved by clear, precise and convincing evidence."). The record supports this finding, and thus, we will not disturb it on appeal. **Piston**, 62 A.3d at 443 ("The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses[.]").

Moreover, we do not find persuasive Appellant's suggestion that Appellee's failure to demand rent negated his obligation to pay. **See** Appellant's Brief at 20-21. It is well settled that "[p]roof of failure to rigorously enforce [contractual] rights" is not sufficient to establish a waiver of such rights. **Seinman v. La Charty Hotels Co.**, 50 A.2d 297, 298 (Pa. 1947) ("[M]ere indulgence without more is not a waiver[.]").

In the second, third and fourth issues raised on appeal, Appellant contends that he should be awarded possession of the concrete barriers, truck scale, and trailer. Appellant advances two arguments. First, Appellant asserts that these chattels are personal property, unattached or easily removed from the Property. Moreover, according to Appellant, Appellee's intention to make either the truck scale or the trailer permanent fixtures of

- 7 -

the Property is irrelevant. Second, Appellant argues in the alternative that, to the extent the items may be fixtures, they are trade fixtures and, thus, remain his personal property. Neither argument is persuasive.

> Chattels used in connection with real estate can fall into one of three categories. First, chattels that are not physically attached to realty are always personalty. Second, chattels which are annexed to realty in such a manner that they cannot be removed without materially damaging either the realty or the chattels are always fixtures. The third category consists of those chattels that are physically connected to the real estate but can be removed without material injury to either the land or the chattels. When a chattel falls into the third category, its status as a fixture or as personalty depends upon the objective intent of the [owner] to permanently incorporate [the] chattel into real property, as evidenced by the proven facts and surrounding circumstances entered into evidence.

*Lehmann v. Keller*, 684 A.2d 618, 621 (Pa. Super. 1996) (internal quotation marks and citations omitted). Regarding the third category of chattels, the "permanence" required is not great.

> Just because they have been and can be moved does not mean the intention was not to make them permanent. It is sufficient if the item is intended to remain where affixed until worn out, until the purpose to which the realty is devoted is accomplished or until the item is superseded by another item more suitable for the purpose.

*Custer v. Bedford Cty. Bd. Of Assessment & Revision of Taxes*, 910 A.2d 113, 117 (Pa. Cmwlth. 2006) (quoting *In re Sheetz, Inc.*, 657 A.2d 1011, 1014 (Pa. Cmwlth. 1995)).

Regarding the concrete barriers, the trial court found that (1) Appellee acquired the barriers from a friend and (2) removing them would damage the concrete floor of the bins. *See* Trial Court Decision at 3. Explaining its

finding, the court specifically credited the testimony of Appellee. *Id.* at 11. The record supports this finding, and we will not disturb it on appeal. *See Piston*, 62 A.3d at 443. Based on this finding, the court determined that the concrete barriers are fixtures, as "they cannot be removed without materially damaging the [P]roperty." Trial Court Decision at 11, 14. We discern no legal error. *See Lehmann*, 684 A.2d at 621.

As for the truck scale, the trial court found that (1) it was attached to a concrete slab on the Property with 8 bolts; (2) concrete ramps were installed to access the scale; (3) electrical wiring was attached to the scale and ran through buried conduit into the business office; and (4) at the time of installation, Appellee intended the scale to increase the value of the Property. *See* Trial Court Decision at 4. Explaining its findings, the court specifically credited the testimony of Appellee. *Id.* at 11. The record supports these findings, and we will not disturb them on appeal. *See Piston*, 62 A.3d at 443.

Finally, the trial court found that (1) Appellee acquired the trailer to improve the value of the Property; (2) the trailer's wheels, axles, and hitch were removed, and it was lowered onto blocks; (3) the trailer was used as an office; and (4) the original axles and hitch are no longer available. *See* Trial Court Decision at 4. Explaining its findings, the court specifically credited the testimony of Appellee. *Id.* at 10. The record supports these

findings, and we will not disturb them on appeal. *See Piston*, 62 A.3d at 443.

Based on these findings, the court determined that the truck scale and trailer are fixtures. Trial Court Decision at 14. We agree. Appellant suggests that the trial court erred as a matter of law when it considered Appellee's objective intent regarding the status of the truck scale and trailer. *See* Appellant's Brief at 17, 25-28. Clearly, though, Appellant is incorrect, as these items fall into the third category of chattels. Accordingly, we discern no legal error by the trial court. *Lehmann*, 684 A.2d at 621; *Custer*, 910 A.2d at 117.

Turning briefly to Appellant's alternative argument, the law regarding trade fixtures is well settled in Pennsylvania:

> [W]here a tenant attaches to real estate fixtures and equipment necessary for the operation of its business, such items become 'trade fixtures', and a presumption arises that the tenant is entitled to remove them during or at the termination of its lease.

*Cattie v. Joseph P. Cattie & Bros., Inc.*, 168 A.2d 313, 314 (Pa. 1961).

Once again, the premise of Appellant's arguments is factual. According to Appellant, when Sarver Landscape Supply became a sole proprietorship in 2003, he became sole owner of the contested chattels. Thereafter, Appellant continued to use them in the operation of his business. Accordingly, Appellant asserts, he should be entitled to remove them from the Property. *See generally* Appellant's Brief at 29-30. However, Appellant neglects to account for the trial court's express findings that (1)

Appellee acquired each of the contested chattels (or participated substantially in their acquisition) and (2) Appellee intended their acquisition to improve the value of the Property.

We discern no legal error in the trial court's conclusion:

With respect to [Appellant's] argument, that the trailer, truck scale, and concrete barriers constitute fixtures, and thus belong to [Appellant], the current situation is distinct[ly] different from those cases whereby a tenant installs, on its own, trade fixtures in which the landlord otherwise has no ownership interest. In this case, the owner of the [P]roperty, [Appellee], participated in the acquisition of each of the [contested] items. He procured these items for the business and also for the premises in general. Therefore, although these items were used in the Sarver Landscape Supply business, said items were not intended to be installed as trade fixtures[.] [R]ather, these items were installed as permanent improvements to the [P]roperty.

Trial Court Decision at 12.

For the above reasons, we affirm the judgments of the trial court.

Judgments affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015