J-A28014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GEORGE S. RUMBOLD | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RICHARD GUZZETTI, LLC | |
| Appellee | No. 1159 EDA 2015 |

Appeal from the Judgment Entered April 2, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2013-006420

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED NOVEMBER 10, 2015**

Appellant, George S. Rumbold, appeals from the judgment entered in the Delaware County Court of Common Pleas in favor of Appellee, Richard Guzzetti, LLC, in this quiet title action.  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant has owned property in Prospect Park since 1965, adjacent to real property then owned by Appellee's predecessor in title, Mr. Bonner.  Around 1974 to 1975, with Mr. Bonner's permission, Appellant arranged for the importation of construction debris, which was deposited into the rear of his property and onto a portion of Mr. Bonner's property ("disputed land"). Appellant then imported clean fill and top soil, and planted grass in the rear of his property and on the disputed land.  After making these improvements, Appellant and his children used the disputed land for activities for more than

thirty years. Appellant also maintained the disputed land during that time, which Mr. Bonner told Appellant Mr. Bonner appreciated. Mr. Bonner at no time objected to Appellant's use or maintenance of the disputed land. Following Mr. Bonner's death, Appellee purchased the property from Mr. Bonner's estate on March 31, 2011.

On June 27, 2013, Appellant filed an action to quiet title against Appellee, asking the court to declare Appellant owned the disputed land through adverse possession. The court held a bench trial on October 24, 2014, and the court ruled in favor of Appellee on December 30, 2014. Appellant timely filed a post-trial motion on January 7, 2015, which the court denied on April 1, 2015. On April 2, 2015, the court entered judgment on the verdict at the request of Appellee. Appellant then filed a timely notice of appeal on April 23, 2015. The court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not file one.

Appellant raises one issue for our review:

> WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW BY DETERMINING THAT APPELLANT'S USE OF A PORTION OF HIS NEIGHBOR'S LAND FOR THIRTY-EIGHT (38) CONSECUTIVE YEARS WAS PERMISSIVE AND THEREFORE NOT HOSTILE TO THE TRUE OWNER BECAUSE [MR. BONNER] CONSENTED TO APPELLANT'S IMPORTATION OF CONSTRUCTION DEBRIS ONTO HIS LAND IN 1974-75?

(Appellant's Brief at 4).

Our standard of review in a non-jury case is limited to:

[A] determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected.

The trial court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence. Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to the fact by the trial court. With regard to such matters, our scope of review is plenary as it is with any review of questions of law.

*Piston v. Hughes*, 62 A.3d 440, 443 (Pa.Super. 2013) (internal citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James F. Proud, we conclude Appellant's issue on appeal merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed May 12, 2015, at 1-3) (finding: Appellant's testimony established that his use of disputed land was with express permission of true owner, Mr. Bonner; Appellant also testified that Mr. Bonner told him Mr. Bonner appreciated Appellant taking care of

property for him and that Mr. Bonner complimented Appellant on job he did cutting grass and raking leaves on disputed land; at non-jury trial, Appellant stated he asked Mr. Bonner for permission to dump fill on disputed land, and Mr. Bonner gave permission; Appellant's actions did not import a denial of true owner's title to disputed land, place true owner on notice of Appellant's claim to disputed land, or constitute assertion of ownership rights to disputed land adverse to true owner; instead, Appellant's actions acknowledged Mr. Bonner's title to disputed land and were permissive; Appellant's adverse possession claim lacked merit; Appellant failed to show his use of disputed land was hostile as necessary for adverse possession claim; therefore, court correctly entered verdict in favor of Appellee). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2015

**IN THE COURT OF COMMON PLEAS**
**DELAWARE COUNTY, PENNSYLVANIA**
**CIVIL ACTION - LAW**

GEORGE S. RUMBOLD                     :          NO. 13-6420

vs.                                   :

RICHARD GUZZETTI, LLC                 :

## OPINION

This is a quiet title action.

Plaintiff, George S. Rumbold instituted this action seeking to quiet title to a portion of real property owned by defendant, Richard Guzzetti, LLC. A non-jury trial took place on October 24, 2014. On December 30, 2014 this court entered a verdict in favor of the defendant. Thereafter, plaintiff filed post trial motions which this court denied. From that order, plaintiff filed an appeal to the Superior Court of Pennsylvania necessitating this opinion.

Plaintiff claims that he had actual, continuous, visible, notorious and distinct possession of a portion of defendant's land for a period in excess of twenty-one years and that his use of the land was hostile to the defendant. One who claims title by adverse possession must prove all of the above elements. Flannery v Stump, 786 A.2d 255 (Pa. Super., 2001). The element of hostility requires that the court examine not just the physical facts of possession but also the evidence, if any, probative of the intent with which the land in question was possessed. Flannery, Supra.

Adverse possession is an extraordinary doctrine which permits one to achieve

ownership of another's property by operation of law. Accordingly, the grant of the extraordinary privilege should be based upon clear evidence. Flannery, Supra. It is a serious matter to take away another's property. That is why the law imposes such strict requirements of proof on one who claims title by adverse possession. Edmondson v Dolinich, 453 A.2d 611 (Pa. Super., 1982). In order to establish adverse possession, the possession must be such as to import a denial of the true owner's title and must be sufficient to place the true owner on notice of plaintiff's claim to the land. Brennan v Manchester Crossings, Inc., 708 A.2d 815 (Pa. Super., 1998).

Where an individual is using property with the permission of the real owner, his use is not adverse and hostile and he is not entitled to ownership by adverse possession. Flannery, Supra.

Plaintiff's own testimony established that his use of the disputed area was with the express permission of the true owner, James Bonner, defendant's predecessor in title. Plaintiff testified that Mr. Bonner told him he appreciated plaintiff taking care of the property for him and that Mr. Bonner complimented him on the job he did cutting grass and raking leaves on the disputed land. Plaintiff also asked Mr. Bonner for permission to dump fill on the disputed tract and that Mr. Bonner gave him the sought after permission.

Plaintiff's actions in this matter did not import a denial of the true owner's title, did not place the true owner on notice of plaintiff's claim to the land, and did not constitute an assertion of ownership rights adverse to the true owner. On the contrary, plaintiff's actions acknowledged the true owner's title and the absence of a claim by the

plaintiff.

Plaintiff failed to meet his burden of proving adverse possession and for this reason the court entered its verdict in favor of the defendant and denied plaintiff's post trial motions.

BY THE COURT:

JAMES F. PROUD, J.

DATED: 5-12-15

FILED JM

2005 MAY 13 PH 4:26

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.