2022 PA Super 209

| | | |
|---|---|---|
| RICHARD GRUCA AND CONSTANCE HORNICK-GRUCA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| CLEARBROOK COMMUNITY SERVICES ASSOCIATION, INC. | : : | No. 64 WDA 2022 |
| Appellant | : : | |

Appeal from the Judgment Entered March 11, 2022
In the Court of Common Pleas of Butler County Civil Division at No(s):
No. 18-11135

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

OPINION BY DUBOW, J.:                    **FILED:  December 7, 2022**

Appellant Clearbrook Community Services Association appeals from the

judgment entered by the Court of Common Pleas of Butler County in this quiet

title action.   The trial court concluded that Appellees Richard Gruca and

Constance Hornick-Gruca acquired title to the contested property by adverse

possession.  After review, we affirm.

In December 2018, Appellees filed a Complaint to Quiet Title to a parcel

of land in Cranberry Township, Butler County ("Contested Property").   The

Contested Property consists of approximately one acre of land that was part

_____

[*] Retired Senior Judge assigned to the Superior Court.

of a 900,000 square foot parcel owned by Appellant.[1]  The Contested Property sits directly behind property that Appellees own ("Appellees' Property").

Before 1973, the Contested Property "was largely unimproved and left in a state wherein trees, shrubs, and other ground cover were allowed to grow naturally."[2]  Beginning in 1973, Appellees "mowed, cleared brush, and removed fallen trees from [the Contested Property]."[3]  Appellees also "set up at least two storage sheds, and maintained recreational furniture and equipment, including a swing set and picnic table, on the [Contested Property]."[4]  In other words, during the relevant time period, Appellees have "kept the [Contested Property] trimmed, mowed, [and] landscaped."[5]  Moreover, Appellees modified the Contested Property in a way that differentiated it from the property surrounding it.[6]

After a non-jury trial, the trial court concluded that Appellees met their burden of demonstrating each element of adverse possession.  Addressing the element of actual possession, the court rejected Appellant's argument that the

---

[1] 900,000 square feet is approximately 20.7 acres.

[2] Tr. Ct. Op., 9/29/21, at Finding of Fact ("FF") No. 10.

[3] *Id.* at FF No. 12.

[4] *Id.* at FF No. 13.

[5] *Id.* at FF No. 18

[6] *Id.* at FF No. 20

Contested Property constituted a "woodland," which would have required Appellees to prove that they either resided upon or cultivated the Contested Property. Instead, the court applied the general standard for actual possession, which required proof that Appellees "maintained dominion over" the Contested Property.[7] The court found that Appellees met this lower standard by maintaining the Contested Property in a "manicured, lawn-like state."[8]

The trial court next held that Appellees' possession was "visible and notorious" as their use of the land "was obvious enough to place a reasonable onlooker on notice that the disputed parcel was being held by the [Appellees] as their own."[9] Noting that Appellees possessed the land to the exclusion of others, the court held that their use was distinct and exclusive. It found Appellees' regular maintenance of the property to be continuous since 1973, which exceeded the requisite twenty-one years. Finally, the court concluded that their possession was hostile in that Appellees maintained the property as their own, despite knowing that they did not own it. Thus, the court granted title of the Contested Property to Appellees by adverse possession.

Appellant filed a post-trial motion, asking the court to modify two of its holdings to the following: (1) that the land was "woodland," which would

_____

[7] Tr. Ct. Op., 9/29/21, at Conclusion of Law ("CL") No. 18.

[8] *Id.*

[9] *Id.* at CL No. 19.

require Appellees to demonstrate the higher standard of proof for actual possession and (2) that Appellees' possession was not visible and notorious. Appellant concluded that either modification would require the trial court to enter judgment in favor of Appellant.

After argument, the trial court denied Appellant's post trial motion. Addressing Appellant's first issue, the court reiterated its holding that the Contested Property was not "woodland." The court explained that "[i]t was never a finding of this Court that the parcel in dispute was ever, in the relevant period of time for this proceeding, classified as 'woodland.'"[10] To clarify this holding, the court modified Conclusion of Law No. 17, by reiterating that Appellees had maintained the Contested Property in a manner so that trees, shrubs and other ground cover could **not** grow naturally:

> **Due to the improvements made by [Appellees], the disputed parcel has been maintained so as not to appear in a naturalistic state wherein trees, shrubs, and other ground cover were allowed to grow naturally.** Thus, [Appellees] maintained the parcel in dispute in a visible and notorious way that would provide notice to a reasonable landowner.

Tr. Ct. Op., 12/14/21, at 3 (citation omitted)(emphasis added).

The court characterized this modification as a permissible correction of "a clerical error[,]" pursuant to the court's authority to make non-substantive modifications, citing 42 Pa.C.S. § 5505 and Pa.R.A.P. 1701(b)(1).[11]

---

[10] Tr. Ct. Op., 12/14/21, at 3.

[11] Tr. Ct. Op., 12/14/21, at 2-3.

- 4 -

The court additionally rejected Appellant's second claim of error, reiterating its prior conclusion that Appellees' activities were visible and notorious, such that Appellees established title to the Contested Property by adverse possession.

Appellant filed its Notice of Appeal on January 13, 2022.[12] Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following questions for review, which we have revised for brevity and reordered for ease of disposition:

> 1. Did the trial court err when it amended/modified Conclusion of Law No. 17?
>
> 2. Did the trial court err in its analysis that the disputed parcel of land at issue is not unenclosed woodland?
>
> 3. Did the trial court err in determining that Appellees met the visible and notorious elements of adverse possession?

Appellant's Br. at 4-5.

In non-jury actions, our review is limited to considering "whether the trial court's verdict is supported by competent evidence in the record and is free from legal error." ***Recreation Land Corp. v. Hartzfeld***, 947 A.2d 771,

---

[12] While Appellant purported to appeal from the December 14, 2021 Order denying its post-trial motion, this order was interlocutory as judgment had not been entered. ***Prime Medica Assocs. v. Valley Forge Ins. Co.***, 970 A.2d 1149, 1154 n.6 (Pa. Super. 2009) (finding denials of post-trial motions to be "interlocutory and generally not appealable"). Following preliminary review by this Court, the trial court entered judgment on March 11, 2022. Thus, while the notice of appeal is technically premature as Appellant filed it prior to the entry of judgment, we deem it timely. ***Id.*** (applying Pa.R.A.P. 905(a)(5) and treating premature notices of appeal as "relat[ing] forward to . . . the date judgment was entered and copies of the judgment were distributed to all the appropriate parties").

774 (Pa. Super. 2008) (citation omitted). We review discretionary questions for abuse of discretion and apply a *de novo* standard of review to questions of law. *Id.* "[W]e give great deference to the factual findings of the trial court." *Id.*

## I.

Appellant's first question challenges the trial court's authority to modify Conclusion of Law No. 17 in adjudicating Appellant's Motion for Post-Trial Relief. Rule 227.1, which governs the trial court's authority when considering post-trial motions, explicitly provides, "[a]fter trial and upon the written Motion for Post-Trial Relief filed by any party, **the court may**[, *inter alia*,] **affirm, modify or change the decision**[.]   Pa.R.Civ.P. 227.1(a)(4) (emphasis added). "[T]he underlying purpose of [Rule 227.1] is to allow the trial court to reconsider its determination and to make **any** corrections before it is appealed . . . ."   Pa.R.Civ.P. 227.1 cmt. (emphasis added); *see also Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Markets, Inc.*, 52 A.3d 1233, 1248 n.7 (Pa. 2012).

Appellant argues that the trial court erred in modifying Conclusion of Law No. 17 because it constituted a substantive change rather than merely the correction of a clerical error, which it views as violative of 42 Pa.C.S. § 5505 and Pa.R.A.P. 1701(b)(1). It contends that the modification of Conclusion of Law No. 17 was substantive because it resulted in the trial court declining to characterize the property as "woodland" and therefore applying the incorrect standard for actual possession.

- 6 -

Conclusion of Law No. 17 originally provided that "Due to the improvements made by [Appellees], the disputed parcel has not been woodland since the early 1970's." Tr. Ct. Op., 9/29/21, at CL No. 17. After reviewing Appellant's Post-Trial Motion, the trial court expanded on this conclusion by highlighting Appellees' efforts so that trees, shrubs, and other ground cover no longer grow on the Contested Property and the Contested Property is no longer in a naturalistic state:

> **Due to the improvements made by [Appellees], the disputed parcel has been maintained so as not to appear in a naturalistic state wherein trees, shrubs, and other ground cover were allowed to grow naturally.** Thus, [Appellees] maintained the parcel in dispute in a visible and notorious way that would provide notice to a reasonable landowner.

Tr. Ct. Op., 12/14/21, at 3.

Although we agree with Appellant that the trial court did not make a clerical change when it clarified Conclusion of Law No. 17, we disagree with Appellant's conclusion that the trial court lacked the authority to do so. The trial court was within its authority to clarify its holding in Conclusion of Law No. 17 pursuant to Pa.R.Civ.P. 227.1. Rule 227 expressly provides a trial court with broad authority in addressing post-trial motions. As relevant to this case, a court may "**modify or change**" its decision without qualification as to the significance of the change. Pa.R.Civ.P. 227.1(a)(4) (emphasis added). Indeed, other subsections of Rule 227 permit a court far greater authority to "order a new trial" or enter "judgment in favor of any party." Pa.R.Civ.P. 227.1(a)(1), (2). Given its authority to "make any corrections"

before a case is appealed, we conclude that the trial court acted within its discretion in modifying one of its twenty-two conclusions of law. Pa.R.Civ.P. 227.1 cmt.[13]

**II.**

Appellant's remaining issues challenge the trial court's conclusion that Appellees established title by adverse possession. "Adverse possession is an extraordinary doctrine which permits one to achieve ownership of another's property by operation of law." **Recreation Land Corp.**, 947 A.2d at 774 (citation omitted). Claimants seeking to assert title by adverse possession have the burden to show each of the following elements: "actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years." **Id.** (citation omitted). They must demonstrate each element by "credible, clear[,] and definitive proof." **Johnson v. Tele-Media Co. of McKean Cnty**., 90 A.3d 736, 741 (Pa. Super. 2014).

In this case, Appellant challenges the trial court's assessment of the first element of adverse possession—actual possession—and specifically argues that the trial court should have applied the higher level of proof of actual possession applicable to "woodland." While actual possession generally requires demonstration of a claimant's "dominion over the property[,]" actual

---

[13] While the trial court in its Pa.R.A.P. 1925(a) Opinion expressed its belief that Pa.R.A.P. 1701 or Section 5505 provided it with the authority to clarify Conclusion No. 17, we find that it is Pa.R.Civ.P. 227.1 that provided the trial court with this authority. Since we can affirm the trial court on any basis, this misconception does not affect our holding.

possession of "woodland" requires proof of the claimant's residence upon or cultivation of the land. ***Recreation Land Corp.***, 947 A.2d at 774 (citation omitted). The determination of whether property is "woodland" is a "threshold factual question for the trial court to decide in the first instance." ***Id***.

Most important to our analysis is the definition of "woodland." This Court recently defined the term "woodland" as "**an area of land that trees and bushy undergrowth cover, synonymous with a 'forest**.'" ***Williams v. Taylor***, 188 A.3d 447, 454 (Pa. Super. 2018)(emphasis added).[14] In adopting the definition, this Court relied on prior cases involving large tracts of heavily forested land.

Although the court in ***Williams*** defined "woodland" for purposes of a prescriptive easement, the definition also applies to adverse possession, given the similarities between the legal concepts, which both involve claimants seeking to obtain an interest in a property by adversely possessing it. The "chief distinction" between these two legal concepts is that adverse possession involves the claimant's possession of the property of the fee owner while prescriptive easements involve the claimant's easement-like use of the property. ***Newell Rod & Gun Club, Inc. v. Bauer***, 597 A.2d 667, 669 (Pa. Super. 1991); see also ***Soderberg v. Weisel***, 687 A.2d 839, 843 (Pa. Super.

---

[14] In ***Williams***, this Court considered the term "woodland" in the context of a prescriptive easement and the 1850 Unenclosed Woodland Act, 68 P.S. § 411. This provision forbids "the acquisition of prescriptive easements through unenclosed woodlands." ***Williams****,* 188 A.3d at 451. For the reasons discussed *infra*, the definition also applies to the acquisition of the property itself through adverse possession.

1997) (distinguishing prescriptive easements from adverse possession by observing that "an adverse possessor acquires the land in fee, whereas the prescriptive easement holder is only entitled to an easement-like use"). We, therefore, conclude that the definition of "woodland" adopted for prescriptive easements in **Williams** applies equally to adverse possession, given the underlying similarities of these legal theories.

In this case, the trial court concluded that the Contested Property was not "woodland." The trial court based this conclusion on the findings that since 1973, Appellees have "mowed, cleared brush, and removed fallen trees" from the Contested Property and have "set up at least two storage sheds, and maintained recreational furniture and equipment, including a swing set and picnic table" on the Contested Property. Tr. Ct. Op., 9/29/21, at FF Nos. 12 and 13. The trial court further found that since 1973, Appellees have "trimmed, mowed[, and] landscaped" the Contested Property. **Id.** at FF No. 18.

We agree that the trial court correctly concluded that the Contested Property is not "woodland." The record supports the conclusion that the Contested Property is not "an area of land that trees and bushy undergrowth cover, synonymous with a 'forest.'" **Williams**, 188 A.3d at 454. Rather, the condition of the Contested Property is that of a manicured lawn that Appellants "trimmed, mowed[, and] landscaped." Tr. Ct. Op., 9/29/21, at FF No. 18.

**A.**

- 10 -

Appellant specifically argues that the trial erred "because Pennsylvania Courts have never set a minimal size requirement for unenclosed woodland and therefore, the trial court should be reversed." Appellant's Br. at 15. Appellant premises this argument on the contention that the trial court determined that the Contested Property was not "woodland" based solely on the size of the property and not the characteristics of the Contested Property.

In reaching this conclusion, Appellant is "cherry picking" the trial court's Findings of Fact. Notably, the court did not rely solely on the parcel's size in concluding that the Contested Property did not meet the definition of a "woodland." Rather, the trial court emphasized the Contested Property's general characteristic as a manicured lawn that Appellants "trimmed, mowed[, and] landscaped." Tr. Ct. Op., 9/29/21, at FF No. 18.

Moreover, while Pennsylvania courts have not imposed a minimum size requirement for "woodland," our research has not revealed any case prohibiting consideration of a property's size as one factor. Indeed, this Court has regularly noted the acreage of a property in adverse possession cases involving "woodlands." *See, e.g., Seven Springs Farm, Inc. v. King*, 344 A.2d 641, 644-45 (Pa. Super. 1975) (observing the "considerable size" of the 32.25-acre tract).[15]

---

[15] Appellant relies upon *Recreation Land Corp.* and *Piston v. Hughes*, 62 A.3d 440 (Pa. Super. 2013), to support its argument that the trial court erred in only considering the size of the Contested Property. Since the trial court considered other factors, the premise of Appellant's argument is erroneous

**B.**

Appellant further challenges the trial court's conclusion that the Contested Property is not "woodland" by arguing that the trial court's findings support the contrary conclusion, *i.e.*, that the Contested Property is a "woodland." In particular, Appellant argues that the following facts support the conclusion that the Contested Property is "woodland":

1. The 900,000 square foot parcel that surrounds the Contested Property "is left in a naturalistic state to serve as a buffer."

2. Before Appellees cut down trees and made improvements to the Contested Property, the "condition of the disputed parcel was largely unimproved and left in a state wherein trees, shrubs and other ground cover were allowed to grow naturally."

3. The trial court found that the "disputed one (1) acre was a wooded area."

Appellant's Br. at 15-16 (citing Tr. Ct. Op., 9/29/21, at FF Nos. 8, 10, 19). Appellant, however, is either ignoring the definition of "woodland" or misconstruing the trial court's findings.

---

and these cases are of limited value to Appellant's arguments. We note, however, that the Superior Court in **Recreation Land Corp.** affirmed the trial court's determination that the disputed property was "woodland" because the "disputed property has an extensively wooded character and is unenclosed." **Recreation Land Corp.**, 947 A.2d at 774. In **Piston**, the Superior Court found that Appellants waived their challenge to the trial court's finding that the disputed property met the definition of a "woodland," and thus, this case is of no precedential value. **Piston**, 62 A.3d at 444 (citation omitted).

First, there is no legal authority to support Appellant's argument that the land surrounding the disputed property is dispositive of whether a disputed property meets the definition of "woodland." In fact, the Superior Court in ***Recreation Land Corp.*** found that the surrounding area around a disputed parcel "is irrelevant to the issue of whether the particular disputed parcel at issue is woodland." ***Recreation Land Corp.***, 947 A.2d at 775 n.2. Thus, the trial court's characterization of the surrounding 900,000-square foot parcel as unimproved land is irrelevant to the trial court's determination that the Contested Property is not "woodland."

Appellant further argues that because the Contested Property before 1973 was "woodland," the trial court erred in not finding that it has not been a "woodland" since 1973. Once again, Appellant provides no legal support for this argument that once a property is "woodland" it is always "woodland." The applicable time frame to evaluate the character of the disputed property to determine if it is "woodland" is the previous twenty-one years; not the time period before the claimant is claiming that it adversely possessed the disputed property.

Appellant's final argument misconstrues the trial court's finding of fact. Appellant argues that in Finding of Fact No. 19, the "trial court found that the disputed one (1) acre **was** a wooded area." Appellant's Br. at 16(emphasis added). Although Finding of Fact No. 19 provides that the disputed one acre was a wooded area, the trial court also found in the same Finding of Fact that

Appellants converted the Contested Property to be part of an owner's yard. Finding of Fact No. 19 provides in its entirety:

> [Appellants] possessed and maintained the disputed property as any reasonable owner of a wooded area **that was converted to be part of an owner's yard would do.**

Tr. Ct. Op., 9/29/21, at FF No. 19 (emphasis added). Appellant's argument cherry picks the term "wooded area" and ignores the finding that Appellees converted the Contested Property to "an owner's yard."

## C.

Finally, Appellant analogizes the facts of this case to the facts of ***Recreation Land Corp,*** where the Superior Court found the disputed property to be "woodland." Appellant's Br. at 19. The facts in ***Recreation Land Corp.*** are distinguishable from the facts in this case. In ***Recreation Land Corp.***, the Superior Court found that "the disputed property has an extensively wooded character, and is unenclosed." 947 A.2d at 774. In this case, the trial court found, and the record supports the finding, that the Contested Property was a manicured and landscaped lawn. Tr. Ct. Op., 9/29/21, at FF Nos. 12, 13, and 18 and CL No. 18.

The other case that Appellant relies upon is also distinguishable. In ***Seven Springs Farm, Inc.***, 344 A.2d at 644, the Superior Court focused on whether the claimant had "actual possession" of the disputed property, not whether the disputed property met the definition of "woodland." To the extent the Superior Court referred to the disputed property as woodland, the

character of the disputed property differed significantly from the Contested Property. The Superior Court found that "the land was no longer cultivated and the barbed-wire fence that had been put up along one side of the property had gone unmaintained for 14 years and was in a bad state of disrepair with many openings in it." **Seven Springs Farm, Inc.**, 344 A.2d at 644. This is significantly different from the Contested Property whose character was that Appellees maintained in a lawn-like state. Tr. Ct. Op., 9/29/21, at FF Nos. 12, 13, and 18 and CL No. 18.[16]

## D.

Upon review of the record, we conclude that the record supports the trial court's conclusion that Contested Property was not "woodland." It is beyond cavil that a property that is manicured and landscaped and maintained in a lawn-like state is not "woodland," because such character differs significantly from "an area of land that trees and bushy undergrowth cover, synonymous with a 'forest.'" **Williams**, 188 A.3d at 454. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to impose the higher standard of proof for actual possession.

## E.

_____

[16] In light of the fact that the trial court correctly found that the Contested Property is not "woodland," we need not address Appellant's arguments that Appellees failed to meet the higher standard for "actual possession" for woodland.

Appellant's final issue challenges the trial court's conclusion that Appellees' possession of the Contested Property was visible and notorious. Visible and notorious possession requires "conduct sufficient to place a reasonable person on notice that his or her land is being held by the claimant as his own." **Brennan v. Manchester Crossings, Inc.**, 708 A.2d 815, 818 (Pa. Super. 1998).

Appellant asserts that Appellees' possession was not visible and notorious because Appellant's view of the Contested Property was shielded by foliage during the spring and summer months when Appellees primarily used the property. It posits that "if invisible use were enough to establish possession, no owner, especially an owner of unenclosed woodland would be safe from the claims of strangers on the owner's property." Appellant's Br. at 27 (citing **Seven Springs Farm, Inc.**, 344 A.2d at 646).

In denying Appellant's post-trial motion, the trial court reiterated that Appellees kept the "land trimmed, mo[w]ed, landscaped, and have maintained upon it[,] in a visible and open manner[,] storage buildings and recreational equipment, including a swing set, picnic table, and sandbox." Tr. Ct. Op., 12/14/21, at 5 (quoting Tr. Ct. Op., 9/29/21, at FF No. 18). The court concluded that these actions constituted visible and notorious possession because a reasonable person would have been on notice that Appellees were using the Contested Property as their own. The court observed that Pennsylvania courts have found the maintenance of property as a lawn to be

sufficient to demonstrate adverse possession. *Id.* at 4-5 (citing **Brennan***, 708 A.2d at 821).

We conclude that the trial court did not abuse its discretion by finding that Appellees' possession was visible and notorious. The record supports the court's finding that Appellees' maintenance of the nearly one-acre Contested Property in a lawn-like state should have placed Appellant on notice, regardless of whether the foliage in the spring and summer prevented Appellant from witnessing Appellees actively maintaining or using the property for recreation. Indeed, Appellant even acknowledged that in 2016 or 2017 it became aware of Appellees' use of the land and posted no trespassing signs.[17] Accordingly, we affirm the trial court's grant of title of the Contested Property to Appellees.

Judgment affirmed.

---

[17] Appellant's Written Opening Statement, 8/24/21, at 5-6 (asserting that Appellant posted no trespassing signs in 2016). The trial court found that the signs were placed in 2017. Tr. Ct. Op., 9/29/21, at FF No. 16. This distinction is not relevant to the issues at bar.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/2022