J-A06031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| PIER 3 CONDOMINIUM ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHLAM KHALIL | : | |
| | : | No. 1387 EDA 2024 |
| Appellant | | |

Appeal from the Order Entered April 18, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  090701819

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 24, 2025**

Appellant, Dr. Ahlam Khalil, appeals from the order entered by the Court of Common Pleas of Philadelphia County granting Appellee Pier 3 Condominium Association's motion for judgment of revival of an underlying judgment for previously unpaid homeowners' association assessments and fees.  After careful consideration, we affirm.

The trial court sets forth the pertinent procedural history, as follows:

> On October 4, 2023, Plaintiff, Pier 3 Condominium Association (hereby "Association") filed a Motion for Judgment of Revival in the above-captioned matter.  By way of background, on August 14, 2012, a Judgment was entered against Defendant, Ahlam Khalil (hereby Khalil [or "Dr. Khalil"]) in the amount of $109,000.00 (the "Judgment") for unpaid homeowners' association ("HOA") assessments [as determined by a jury, which

_____

* Former Justice specially assigned to the Superior Court.

found Khalil owed Association $41,000.00 in outstanding condominium assessments and fees and $68,000.00 for the Association's legal fees, as testified by the executive director of the Association's property management company]. Dr. Khalil appealed the Judgment to the Commonwealth Court, and the Judgment was subsequently affirmed by the Commonwealth Court on July 9, 2015. *See **Pier 3 Condominium Association v. Khalil v. Diegidio**, et al.*, No. 15 C.D. 2013, WL 5458563 (Pa. Cmwlth. July 9, 2015).

On August 1, 2017, Association filed a Praecipe for Writ of Revival to re-issue the Judgment in the amount of $109,000.00. Following no response by Khalil, the Judgment was revived in the amount of $ 109,000.00 on October 19, 2017. On November 1, 2017, Khalil filed a Petition to Open and Strike Pier 3 Condominium's Praecipe for Judgment of Revival, averring the Judgment had been settled and Khalil had made an $85,000.00 payment toward the Judgment. Association responded to this Petition on November 8, 2017, denying the existence of any settlement.

The [lower court] denied Khalil's Petition to Reopen Judgment on January 9, 2018. Association filed a Praecipe for Writ of Revival on July 18, 2022, to re-issue the Judgment in the amount of $109,000.00. Khalil claimed that the debt had already been satisfied. The lower court entered a Case Management Order on December 15, 2022, but subsequently vacated the Case Management Order and marked the case status as disposed. Association moved for Judgment of Revival in the amount of $109,000.00.

Since November 2023, [the lower court] has held oral argument regarding the underlying Motion of this Appeal on five occasions: December 13, 2023, February 7, 2024, February 28, 2024, March 27, 2024, and April 17, 2024. The [lower court] also ordered supplemental briefing on this issue on December 13, 2023, and February 7, 2024. Finding insufficient evidence that Khalil provided payments towards the outstanding Judgment, [the lower court] granted Association's Motion for Judgment of Revival on April 17, 2024, ordering that the Judgment in favor of Association and against Khalil shall be entered and revived in the amount of $109,000.00 with interest from August 14, 2012.

On May 15, 2024, Khalil filed a Notice of Appeal to the Superior Court in relation to [the lower court's] April 18, 2024, Order granting Association's Motion for Judgment of Revival and entering judgment in Association's favor and against Khalil in the amount of $109,000.00 with interest from August 14, 2012. On June 4, 2024, [the lower court] issued an Order pursuant to Pa.R.A.P. 1925(b) upon Khalil, directing [her] to file a Concise Statement of Matters Complained of on Appeal no later than June 25, 2024. On June 21, 2024, Appellant [timely] filed [her Rule 1925(b) Statement].

Lower Court Opinion, 8/9/24, at 1-3.

Dr. Khalil raises one question presented for this Court's consideration:

Did the Court of Common Pleas err in granting [Plaintiff Association's] motion for judgment of revival and entering judgment in [Plaintiff Association's] favor and against [Defendant Khalil] in the amount of $109,000 with interest from August 14, 2012?

Brief for Appellant, at 2.[1]

This Court reviews the Court of Common Pleas' decision for abuse of discretion, which includes misapplication of governing Pennsylvania law, ***Gruca v. Clearbrook Cmty. Servs. Ass'n, Inc.***, 286 A.3d 1273 (Pa. Super. 2022). Taking Dr. Khalil's issues in logical order, we first address her contention that the Association is time-barred from enforcing the 2012

---

[1] We note that Dr. Khalil sets forth this single, broadly stated issue in the Statement of the Questions Involved section of her counseled brief. **See** Brief for Appellant, at 2. However, the Argument section of the brief raises multiple and distinct claims that are neither set forth in, or fairly suggested by, the Statement of the Questions Involved nor clearly delineated from the other claims raised and discussed within body of the Argument. Nevertheless, because Dr. Khalil identified and preserved the claims in her Pa.R.A.P. 1925(b) concise statement and outlines them in the "Summary of Argument" section of her brief, we decline to apply waiver but chastise counsel for his deficient briefing in this regard.

judgment. Specifically, Dr. Khalil posited to the trial court that the limitations period provided in the Pennsylvania Uniform Condominium Act, 68 Pa.C.S.A. § 3315(d), *infra*, precludes recovery of the judgment. The trial court rejected this position, as it found each praecipe for writ of revival of the 2012 judgment had been timely filed under, and otherwise conformed with Pennsylvania Rule of Civil Procedure 3025, "Commencement of Proceedings. Venue", discussed *infra*.

When read in relevant part, Section 3315, "Lien for assessments", provides that a condominium "association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due[,]" *see* subsection (a) "General rule," and that such a lien "is extinguished unless proceedings to enforce the lien or actions or suits to recover sums for which subsection (a) establishes a lien are instituted within four years after the assessments become payable, *see* subsection (d), "limitation on action." In the instant matter, the Association complied with the time requirements imposed in Section 3315 when it instituted proceedings to enforce the lien for assessments that were eventually incorporated in the $109,000.00 judgment of 2012.

Since the 2012 judgment, the Association has complied with our Rules of Civil Procedure governing the revival of judgments. Under Pa.R.Civ.P. 3025, "A proceeding to revive which continues or creates the lien of a judgment may be commenced by filing with the prothonotary of the county in

which the judgment has been entered (1) a praecipe for a writ of revival substantially in the form provided by Rule 3032[.]" The note accompanying Rule 3025(1) provides in relevant part: "Section 5526(1) of the Judicial Code, 42 Pa.C.S. § 5526(1), requires that an action for revival of a judgment lien on real property must be commenced within five years." *See* Pa.R.Civ.P. 3025(1), Note.

At issue is a judgment lien governed by the provisions of Rule 3025, not simply a lien from a claimed assessment or fine as contemplated by Section 3315(d). Therefore, because there is no dispute that the Association filed each praecipe for writ of revival of judgment in compliance with the Rules of Civil Procedure, we discern no merit to Dr. Khalil's claim that the present matter was time-barred.

Next, Dr. Khalil challenges the trial court's determination that her payments following the 2012 Judgment were made to her ongoing condominium assessments and fees and not to the judgment. In this regard, she charges the trial court with an erroneous application of law to the evidence presented.

Specifically, Dr. Khalil maintains the record showed that she had made substantial payments to the Association from 2015 to 2023 that collectively should have been applied to the outstanding 2012 Judgment against her consistent with the prescriptions of 68 Pa.C.S. § 3315(h) of the Uniform Condominium Act, *infra*. The lower court's refusal to do so, she posits,

constituted a failure to apply applicable, controlling law. We disagree that Section 3315(h) governs the payments at issue.

68 Pa.C.S. § 3315, Lien for Assessments, provides, in relevant part:

**(a)** **General rule.--**The association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. The association's lien may be foreclosed in like manner as a mortgage on real estate. A judicial or other sale of the unit in execution of a common element lien or any other lien shall not affect the lien of a mortgage thereon, except the mortgage for which the sale is being held, if the mortgage is or shall be prior to all other liens upon the same property except those liens identified in 42 Pa.C.S. § 8152(a) (relating to judicial sale as affecting lien of mortgage) and liens for condominium assessments created under this section. Unless the declaration otherwise provides, fees, charges, late charges, fines and interest charged pursuant to section 3302(a)(10), (11) and (12) (relating to powers of unit owners' association) and reasonable costs and expenses of the association, including legal fees, incurred in connection with collection of any sums due the association by the unit owner or enforcement of the provisions of the declaration, bylaws, rules or regulations against the unit owner are enforceable as assessments under this section. If an assessment is payable in installments and one or more installments is not paid when due, the entire outstanding balance of the assessment becomes effective as a lien from the due date of the delinquent installment.

. . .

**(h)** **Application of payments.--**Unless the declaration otherwise provides, any payment *received by an association in connection with the lien* under this section shall be applied first to any interest accrued by the association, then to any late fee, then to any costs and reasonable attorney fees incurred by the association in collection or enforcement and then to the delinquent assessment. The foregoing shall be applicable notwithstanding any restrictive endorsement,

- 6 -

> designation or instructions placed on or accompanying a payment.

68 Pa.C.S. § 3315(a), (h) (emphasis added).

To support the position that her payments should be applied to the 2012 Judgment in accordance with the hierarchy of payment applications prescribed in Section 3315(h) and not to the monthly assessments and fees that were due throughout the relevant time, Dr. Khalil refers to a 2017 email she sent to an attorney who was representing the Association in its capacity as an additional defendant named in counterclaims raised by Dr. Khalil in a separate lawsuit. Dr. Khalil's email, which bore the subject line, "Replacement limited access card," apparently asked about the status of her payments after she was unable to enter the condominium with her access card.

Dr. Khalil focuses on that part of the attorney's reply stating, "My understanding from Eric is that you need to satisfy the 2012 judgment and bring your account current. At that point you will be treated just like all of the other members in the condo in good standing. The payments you resumed paying in 2015 have been applied to your past debt but have not brought you current." Email, 10/12/17. Based on this correspondence, Dr. Khalil claims she has made "regular payments in good faith over the course of many years towards satisfaction of the judgment." Brief of Appellant, at 9.

The Association counters that Dr. Khalil takes the email out of context and, furthermore, ignores that the attorney qualified his answer by both reminding her that his relationship with the Association was as counsel in a separate litigation in which she raised a counterclaim naming it as an

additional defendant and advising her, "You need to address your angry comments to Eric. All I tried to do was to help you so that you never had to wait at the security desk again for access when nobody was there to let you in. I don't wish to continue this conversation at this time." Email, 10/12/17. Thus, the Association concludes, their lawyer's email conveyed the limited scope of his reply and certainly did not relieve Dr. Khalil of her obligation to continue paying her monthly assessments and fees in a timely manner while also bearing a concurrent responsibility to satisfy the 2012 judgment against her.

Perhaps most important to the inquiry, the Association continues, is that the remainder of the record supports the trial court's order granting the motion for judgment of revival because the evidence specifically relating to the payments contradicted her testimony that they were made toward satisfaction of the judgment. Furthermore, to have credited Dr. Khalil's claim, the Association contends, would have required the trial court to make the irrational concurrent finding of fact that the Association simply allowed her, for eight years and without any evident reason or explanation, to stop paying monthly assessments and fees that were due from all unit owners just so she could focus exclusively on satisfying a Judgment comprising older outstanding assessments and fees.[2]

---

[2] The trial court deemed Dr. Khalil's position unsupportable, as there was no reason for her to believe the Association had suspended her monthly
*(Footnote Continued Next Page)*

Therefore, the Association concludes, it would be absurd to accept Dr. Khalil's argument and apply the designated monthly assessment payments retroactively to the 2012 Judgment, not only because the payment record reflects both Dr. Khalil's intent to apply them to current amounts due and the Association's reasonable and good faith receipt of them as such but also because doing so would produce the "untenable result" of leaving the Association with an essentially never-changing dollar amount of uncollected monthly assessments and fees for as long as Dr. Khalil remains a unit owner in the condominium. *See* Brief of Appellee, at 12.

As noted *supra*, the lower court undertook a review of the entire record and determined that both the manner in which the roughly 70 payments admitted of record were paid and the notations appearing on them established that each payment applied to then-current monthly condominium

_____

assessment and fee obligations in the wake of court orders granting the Association's timely petitions to revive the 2012 writ of judgment. Dr. Khalil continued to live in the condominium throughout all times relevant to this controversy, and the record shows she made monthly payments to the Association in amounts either equal or roughly equal to the monthly assessments and fees that were due, and she included on each money order a notation indicating the month and year for which it applied. Indeed, the thrust of Khalil's complaint in the 2017 email exchange she had with an Association lawyer, in which she stated, "it is clear that your clients want to take the condo fee and not provide me with the benefits that I am entitle for [sic]" was to confirm she was entitled to the continued access to her unit because she was paying her current condominium assessments and fees in full.

assessments and fees due at that time and not to the underlying 2012 Judgment. Specifically, the payments consisted of individual money orders delivered in monthly installments, with each bearing a hand-written designation indicating a month and made out in an amount that remained constant for all twelve payments tendered in that year, before the next year's assessment and fee amounts were increased. According to the trial court, there was nothing about the payments to suggest they were made *in connection with* the $109,000.00 Judgment, as would be required to apply the hierarchy of payments prescribed in Section 3315(h)

Given our review of the record, party briefs, and the lower court opinion on the question of whether a Section 3315(h) inquiry was required under the facts, we find no abuse of discretion with the trial court's determination that Dr. Khalil's payments were not made "in connection with the lien," *i.e.*, the underlying 2012 Judgment, and thus were not subject to the schedule of payment applications set forth in Section 3315(h). Instead, we concur with the trial court that Dr. Khalil made each monthly payment in satisfaction of the assessments and fees that were then due, as this was a most reasonable conclusion given the timing, amounts, and handwritten content of the money orders.[3]

_____

[3] The trial court's finding of fact that Khalil intended to apply such payments to her monthly assessments and fees also provides the basis for our rejection of her equitable estoppel claim, as the record supports the conclusion that she did not intend the payments to go towards her judgments. For equitable
*(Footnote Continued Next Page)*

- 10 -

Finally, Dr. Khalil challenges the trial court's order that she owes interest accrued since 2012 on the delinquent assessments contemplated in the judgment awarded to the Association. The Judicial Code provides for interest on judgments, as follows:

**§ 8101. Interest on judgments**

Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S. § 8101. Furthermore,

[i]nterest has been defined to be a compensation allowed to the creditor for delay of payment by the debtor, and is said to be impliedly due whenever a liquidated sum of money is unjustly withheld. And again,—but rather by way of amplification,—it is said to be a legal and uniform rate of damages allowed in the absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge his debt.

---

estoppel to attain, the complainant's "act must be induced by, and be the immediate or proximate result of, the conduct or representation, which must be such as the party claiming the estoppel had a right to rely on." **Rudd v. Baranyai**, (non-precedential decision) 326 A.3d 464 at **4 (Pa. Super. 2024) (quoting **Zitelli v. Dermatology Educ. & Research Found.**, 633 A.2d 134, 139 (Pa. 1993)). "If notwithstanding such representation or conduct [complainant] was still obliged to inquire for the existence of other facts and to rely on them also to sustain the course of action adopted, he cannot claim that the conduct of the other party was the cause of his action and no estoppel will arise." **Id**. Given both the characteristics of Khalil's payments, which strongly suggest an intent to pay monthly condominium fees, as discussed *infra*, and her own statement that she deserved all the benefits of a unit owner because she was timely paying assessments and fees, we find she has not demonstrated the reliance and inducement necessary to prevail on her equitable estoppel defense.

- 11 -

***School Dist. of City of Carbondale v. Fidelity & Deposit Co. of Maryland***, 31 A.2d 279, 280 (Pa. 1943) (internal citations and quotation marks omitted), *quoted in* ***Silver v. Bertenthal***, No. 1156 WDA 2023, 2025 WL 339612, at \*7 (Pa. Super. filed Jan. 30, 2025) (non-precedential decision).[4] ***See also Young v. Lippl***, 251 A.3d 405, 423 (Pa. Super. 2021) (observing settled jurisprudence that, "Statutory post-judgment interest is a matter of right where damages are ascertained by computation" and the prevailing party is "entitled to interest on a judgment for a specific sum of money from the date of the verdict.") (quoting ***Pittsburgh Constr. Co. v. Griffith***, 834 A.2d 572, 590-591 (Pa. Super. 2003), *appeal denied*, 578 Pa. 701, 852 A.2d 313 (2004)).

Dr. Khalil challenges the imposition of retroactive interest in large part by invoking the same failed equitable estoppel and Section 3315 limitations arguments she applies to other issues. To this extent, her arguments are, again, unavailing.

She raises one additional argument, namely, that the Association failed a purported duty to mitigate damages by allowing nearly all of Rule 3025's five-year interim to pass before it filed a new, serial praecipe for writ of revival of the judgment. What Dr. Khalil fails to explain, however, is why the Association would be required to stem the accumulation of interest on a justly

---

[4] Under Pa.R.A.P. 126(b), we may cite and rely on non-precedential decisions filed after May 1, 2019, for their persuasive value.

entered judgment lien upon which it is attempting to collect, particularly when there is no evidence of record that the Association has prevented her from satisfying the judgment while also making monthly condominium payments in the ordinary course. She suggests the Association's refusal to agree to a compromise settlement of damages is tantamount to a breach of duty, and she asks this Court for "equitable relief" by reversing the order granting the motion for revival and directing the trial court to mark the judgment satisfied, but she offers no authority to support any part of her argument in this respect, as required by Pennsylvania Rule of Appellate Procedure 2119(a). **See** Pa.R.A.P. 2119(a); **In re R.D.**, 44 A.3d 657, 674 (Pa. Super. 2012) (this Court will not act as counsel and develop arguments on appellant's behalf). Accordingly, we find that Dr. Khalil's final issue affords her no relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/24/2025

- 13 -